(No. 10819.)

ESTELLA AKIN, Appellant, *vs.* JOHN H. AKIN *et al.*
Appellees.

*Opinion filed December 21, 1916—Rehearing denied Feb. 7, 1917.*

1. TRUSTS—*resulting trust arises by operation of law.* A result-
ing trust arises by operation of law where land is purchased and
the purchase money, or some specific portion thereof, is paid by
one person and the title thereby purchased is conveyed to another.

2. SAME—*a resulting trust need not be in writing.* A resulting
trust is excepted from the statutory requirement that a trust shall
be manifested and proved in writing, and it may be proved by the
testimony of witnesses and established in a court of equity.

3. SAME—*burden is upon party seeking to establish a resulting
trust.* The burden is upon the party seeking to establish a result-
ing trust, and it is indispensable that the evidence be clear, un-
equivocal and convincing, and be sufficient to establish beyond a
doubt the fact of payment by the alleged beneficiary.

4. SAME—*proof must show that payment was not an advance-
ment or a loan.* To establish a resulting trust the evidence must
show, beyond question, that the payment of the money was not an
advancement to the person taking title to create an indebtedness
from him to the alleged beneficiary, and must show that the money
was furnished by such beneficiary for the purchase of the property.

APPEAL from the Circuit Court of Kane county; the
Hon. DUANE J. CARNES, Judge, presiding.

VOSE & PAGE, (HUBERT S. PAGE, and ESTELLA AKIN,
of counsel,) for appellant.

J. C. MURPHY, and E. L. LYON, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

On January 10, 1895, John J. Akin purchased from
John E. Mark a farm of 100 acres in Kane county and
paid for the same $6000 in cash and took and held posses-
sion as owner until his death, on May 1, 1912. He left

Lydia A. Akin, his widow, and Estella Akin, John H. Akin, Murray D. Akin and Mary Briggs, his children and heirs-at-law. He left a will, by which he devised a life estate in his property to his widow, Lydia A. Akin, with remainder after her death, one-half to Murray D. Akin and one-fourth each to John H. Akin and Mary Briggs, but devised nothing to the appellant, Estella Akin. Murray D. Akin was executor of his father's will. The widow, Lydia A. Akin, was found to be of unsound mind, and on January 6, 1913, the appellee Louie J. Johnson was appointed her conservator. She died on January 15, 1913, intestate, and Louie J. Johnson was appointed administrator of her estate. On March 4, 1913, Estella Akin and John H. Akin filed their bill in the circuit court of Kane county for partition of the farm and other real estate, and therein alleged that Lydia A. Akin contributed $600 of her own money to the purchase of the farm, from which a resulting trust accrued to her, and upon her death her equitable title descended to her heirs-at-law. The defendant Murray D. Akin filed a plea that the matters alleged and set forth in the bill were pending and undetermined in the probate court, which had prior jurisdiction. Afterward the defendants filed a plea setting up proceedings in the probate court on the petition of Murray D. Akin, as executor, to sell the real estate belonging to John J. Akin for the payment of his debts, in which the question of a resulting trust was involved, and a decree of the probate court finding that John J. Akin was the sole owner of the premises, and averring that thereby the matters in controversy had finally been adjudicated. Afterward the defendants filed a supplemental answer to the bill, setting up the same proceedings in the probate court as an adjudication of the controversy, but since the filing of the pleas and answer the decree of the probate court has been reversed and the cause remanded to that court. (*Akin* v. *Akin*, 268 Ill. 324.) The parties proceeded to a hearing and the cause was referred to the master in chancery, who

reported the evidence with his conclusion that it did not establish a resulting trust, and he recommended a decree for partition in accordance with his report.  Exceptions to the report were overruled and a decree was entered accordingly, from which Estella Akin, one of the complainants, has appealed.

A resulting trust arises by operation of law where land is purchased and the purchase money, or some specific portion thereof, is paid by one person and the title thereby purchased is conveyed to another.  Such a trust is excepted from the statutory requirement that a trust shall be manifested and proved by writing, and it may be proved by the testimony of witnesses and established in a court of equity, which declares and protects equitable estates.  The burden of proof is always on the person seeking to establish such a trust, and it is indispensable that the evidence be clear, unequivocal and convincing and be sufficient to establish beyond a doubt the fact of the payment by the alleged beneficiary.  It must show beyond question that the payment of the money was not an advancement made to create an indebtedness of the person taking title to the alleged beneficiary and was furnished by the beneficiary for the purchase of the property.  *VanBuskirk* v. *VanBuskirk*, 148 Ill. 9; *Strong* v. *Messinger,* id. 431; *Lord* v. *Reed,* 254 id. 350.

The evidence fairly tends to prove the following facts: John J. Akin was a tenant on the farm in question and planned to purchase it at $60 an acre.  His wife, Lydia A. Akin, was entitled to the income of a trust fund under the will of her father, J. L. Aderton, and was receiving money from time to time, which she deposited in a bank.  John J. Akin had $900 and borrowed $500 from his son Murray D. Akin, for which he gave his note, and Lydia A. Akin withdrew something over $600 from the bank and furnished $600 for the purchase.  These sums made up $2000, and John J. Akin borrowed $4000 from James B. Wheeler, for which he gave his note and executed a mortgage to se-

276 – 29

cure the same, in which Lydia A. Akin joined. He occupied the farm and improved it and assumed exclusive ownership up to the time of his death. The mortgage made to Wheeler was reduced to $2800 and was paid out of a new loan on October 7, 1897, and the money then borrowed was the principal of the fund on which Lydia A. Akin was entitled to income. John J. Akin made his note, payable to the order of Lydia A. Akin, for $4000, and secured it by a trust deed to P. Samuel Rigney, the trustee under the will of J. L. Aderton. The circuit court of Kane county appointed Ernest F. Goodell trustee in place of Rigney, and the trust deed to Rigney was released December 28, 1911, when John J. Akin and wife then executed another trust deed to Ernest F. Goodell, as trustee, to secure the note of John J. Akin, payable to said trustee on the death of Lydia A. Akin. The interest was to be paid to her annually, and after her death the principal was to go to her children. After the death of John J. Akin, Lydia A. Akin accepted the provision made for her and the life estate in the property devised to her by his will and made no claim to be the owner of any undivided portion of the real estate. John H. Akin, one of the complainants, and Mary Jane Fowler, testified that they had seen a receipt given by John J. Akin to Lydia A. Akin for the $600 which said it was for the purchase of a farm, and while one was a complainant and both showed great zeal in behalf of the complainants and considerable hostility and bias, there was no contradiction of their testimony. There was evidence that Lydia A. Akin said before the purchase that she wanted her name on the papers, but she knew it was not on. Lydia A. Akin had bank books and deposited with different banks and appears to have been capable of attending to her own business, and there is no evidence that from 1895 to the time of her husband's death, in 1912, she ever made any claim to an interest in the property. About the year 1900 John J. Akin sold his stock and machinery to his son Murray D. Akin,

who afterward managed the farm, and there is no evidence that Lydia A. Akin ever received or required anything from the rent or income.

The attorneys who transacted the business, as well as John J. Akin and Lydia A. Akin, are all dead, and it may be that by the long delay, evidence either to establish the trust or to refute the claim now made has been lost, but it is essential that the rule of law requiring evidence to establish the trust to be convincing shall be observed. It is apparent that the evidence is not so clear, unequivocal and convincing as to establish a resulting trust in Lydia A. Akin by the payment of part of the purchase price of the property, so intended, and not as a loan or advancement to her husband.

The decree is affirmed.

*Decree affirmed.*