WILLIAM B. THORN, plaintiff in error, *v.* JOEL F. WATSON, administrator of James Ham, deceased, defendant in error.

*Error to Jefferson.*

An account was filed against an estate after the expiration of two years from the time of granting letters of administration upon the estate. The claim was established before the Probate Court, and an order of allowance entered directing it to be satisfied from assets which might be subsequently discovered. The plaintiff took an appeal to the Circuit Court, where a judgment was rendered for the defendant. It appeared that the estate was solvent and that there would be a large surplus for distribution among the children of the intestate: *Held,* that the order of the Probate Court was substantially correct; that the creditor had the right to have his claim passed upon by the Circuit Court, and a judgment presently for the amount due, to be satisfied *pro rata* out of any estate that might afterwards be found, not inventoried or accounted for by the administrator.

It is a well settled principle, that a party can never avail himself of an error to reverse a judgment which does him no wrong.

There is no conflict between the 102d and 115th sections of the Statute of Wills.

THE facts of this case were substantially as follow: A little more than two years after the letters of administration were issued to the defendant, the plaintiff filed his account in the office of the Probate Justice of the Peace. The defendant entered his appearance, and by consent the cause was tried without process. The defendant pleaded the Statute of Limitations and a set-off. Evidence was adduced, and the Court found for the plaintiff, $19·62; but decided that it was barred by the Statute of Limitations from sharing in the effects accounted for in the inventory,

but that it would be allowed and satisfied *pro rata* out of any future discovered estate.

The cause was taken by appeal to the Circuit Court, where the same defences were set up. The cause was submitted to the Court, and the Court decided that the account was barred by the Statute of Limitations, and refused to adjudicate upon the accounts between the parties, and to enter a judgment in favor of the plaintiff, *quando acciderint*, but entered a judgment against the plaintiff for costs.

*W. B. Scates,* for the plaintiff in error.

There are two limitations in the Statute of Wills, one general, (Rev. Stat., p. 558, § 102,) the other special among creditors, in the classification of claims. (p. 561, § 115.)

The spirit of our law is to subject all property to pay debts; ibid. 545, § 46; ib. 558, § 103; ib. 550; § 110; and that all creditors of each class shall have a fair proportion; Ibid. 561, §§ 115-20; and to hold administrator to annual settlements until all are paid, or estate gone. Ibid. 562, §§ 122-6. For which purpose, legatees, &c., shall refund. Ib. 563, §§ 129-30.

If there be two affirmative statutes or sections in the same statute, the rule of construction is, that one does not repeal the other, if both may consist together. *Bruce* v. *Schuyler,* 4 Gilm. 221.

The plaintiff was entitled to a judgment of assets *quando acciderint,* at all events. Toller on Ex'rs, top page, 469; *Noel* v. *Nelson,* 3 Saund. 226; 2 Tidd's Pr. 1038, 1039, 1041; 8 Law Library, top page, 199. For analogous cases on the Statute of Limitations, see 8 Law Library, 301, top page. As to proof of tradesmen's accounts, *Boyer* v. *Sweet,* 3 Scam. 120.

*D. Baugh,* for the defendant in error, cited and commented upon the 102d and 115th sections of the Statute of Wills.

The Opinion of the Court was delivered by

TRUMBULL, J.   The plaintiff filed an account against the estate of Ham in the office of the Probate Justice after the expiration of two years from the time of granting letters of administration upon said estate.   The defendant entered his appearance and went to trial before the Probate Justice, who decided that the plaintiff's claim was just, and would be allowed, if assets were found not inventoried or accounted for by the administrator, otherwise not, the claim not having been exhibited within two years from the granting of letters of administration.   From this order the plaintiff appealed to the Circuit Court, where the cause was tried by the Court by consent of parties, and judgment rendered in defendant's favor for costs.

A bill of exceptions taken in the cause contains an agreement of the parties, admitting that the estate of Ham was solvent, and that there would be a large surplus to distribute among his children; that the account sued on by plaintiff was not sued upon until a few days after the expiration of two years from the issuing of letters of administration to the defendant, and that there had not been a final settlement of the estate of said deceased.   The bill of exceptions further states, that "the Court found for the defendant under the Statute of Wills and Testaments, that the plaintiff's claim was barred by § 115 of said Act, and thereupon refused to ascertain the balance due said plaintiff, and to render a judgment therefor to be collected out of future discovered assets."   To all of which decisions the plaintiff excepted, and said judgment and decisions are now assigned for error.

In determining the correctness of the decisions excepted to, it will be necessary to put a construction upon the latter portion of the 115th section of the Act relating to Wills, and upon the 102d section of the same Act, which latter section it is insisted, is inconsistent with the 115th section, if the decision of the Circuit Court be correct.   That part of the 115th section limiting the time within which creditors may exhibit their claims against the estates of deceased persons,

is as follows: "All demands not exhibited within two years as aforesaid, (that is, from the time of granting letters,) shall be forever barred, unless such creditor shall find other estate of the deceased not inventoried or accounted for by the executor or administrator; in which case, his claim shall be paid, *pro rata,* out of such subsequently discovered estate; saving, however, to *femes covert,* infants, persons of unsound mind, or imprisoned, or beyond the seas, the term of two years after their respective disabilities be removed, to exhibit their claims." We see no difficulty in construing this provision of the statute. The language used is too plain to admit of doubt, and expressly prohibits all creditors who neglect to exhibit their claims against an estate within two years from the time of the granting of letters testamentary or of administration thereon from doing so afterwards, unless they can find other estate of the deceased not inventoried or accounted for; or unless they fall within some saving clause of the statute. Nor do we perceive that this construction at all conflicts with the 102d section, which is as follows: "No suit shall be brought against any executor or administrator, for or on account of any claim or demand against the testator or intestate, unless such suit shall be brought within one year next after such executor or administrator shall have settled his accounts with the Court of Probate." The 115th section does not prevent the bringing of an action at any distance of time, provided the creditor can discover property not inventoried or accounted for by the administrator, but the 102d section comes in and prevents the bringing of a suit in any event after the expiration of one year from the time of the settling of his accounts by the executor or administrator with the Court of Probate. The 123d section of the Statute of Wills requires executors and administrators to exhibit accounts of their administration for settlement, at the first term of the Probate Court which shall happen after the expiration of one year from the date of their letters, so that the one year limitation provided for by the 102d section can never expire before the two years from the time of granting letters. The object of these various limitations,—and we

think it a commendable one,—was, no doubt, to compel the speedy settlement of estates ; and in our opinion, the Circuit Court did not err in deciding that the plaintiff's claim was barred by that provision of the 115th section before referred to.

It is, however, insisted that the Circuit Court erred in the form of its judgment, and that the plaintiff would be forever barred by the judgment rendered from any future recovery, should he hereafter find other estate of the intestate not inventoried or accounted for by the administrator. Such may be the effect of the judgment as entered. This case having been commenced before the Probate Justice, the pleadings were oral and the defendant was at liberty upon the trial to interpose any defence which the law would permit. The bill of exceptions shows that he insisted as well upon the pleas of *non-assumpsit* and set-off, as upon the Statute of Limitations of two years. Under the issues of *non-assumpsit* and set-off, the plaintiff had the right to have his claim passed upon by the Court, and a judgment presently for the amount due, if anything, to be satisfied out of any estate that might afterwards be found not inventoried or accounted for by the administrator. Tidd's Pr. 1017, 1018 ; Ram on Assets, 301, ch. 25.

The only effect of such a judgment would be to ascertain the amount of the plaintiff's claim, and upon this judgment he might either bring an action of debt, or take further proceedings before the Probate Justice, in case he should ever afterwards be able to find other estate, not inventoried or accounted for.

The order of the Probate Justice was substantially correct, and the refusal of the Circuit Court to investigate the plaintiff's account and ascertain the amount due would constitute error, if the record did not show that the plaintiff was in no respect injured by such refusal. It is a well settled principle, that a party can never avail himself of an error to reverse a judgment, which does him no wrong. The bill of exceptions in this case contains all the evidence, and the introduction of his account by the plaintiff was the only proof

to sustain his claim, except as to a few items which were more than overbalanced by the set-off of the defendant, which the plaintiff admitted. An attempt seems to have been made in the Circuit Court to lay a foundation for the introduction in evidence of the plaintiff's book of account, and for that purpose, various witnesses were called ; but it is unnecessary to determine whether the proper foundation for that purpose was laid or not, as the bill of exceptions no where shows that said book was offered in evidence ; and it was only the original book, and not a copy from it that would have been admissible. So far as the bill of exceptions shows, the plaintiff did not offer his account book in evidence, and there was no testimony before the Court which would have justified a judgment in the plaintiff's favor ; hence the plaintiff suffered no injury by the refusal of the Court to examine the testimony.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*