## Everett Rone, Administrator, Appellant, v. Martha E. Robinson, Appellee.

1. EXECUTORS AND ADMINISTRATORS, § 92*—*when proceeding by citation inappropriate remedy.* A proceeding by citation under sections 81 and 82 of the Administration Act, J. & A ¶¶ 130, 131, is not the proper remedy to try a contested claim of ownership to property.

2. GIFTS, § 9*—*sufficiency of delivery to constitute gift inter vivos.* To constitute a valid gift *inter vivos* there must be a complete delivery of the property, that is, such a change of possession as to put it out of the power of the giver to repossess himself of the thing given, and the delivery must be made with the intent to vest title in the donee.

3. GIFTS, § 15*—*when gift inter vivos of certificate of deposit valid.* Where a person in his lifetime gave his money to his daughter's husband to deposit in a bank in her own name for the purpose of making a gift of the money to her, and the husband did so and took a certificate of deposit which recited that the money was deposited in her name, but beneath the signature of the cashier of the bank it further stated in the case of her death before the death of the donor the certificate becomes the property of the donor, *held* under all the evidence in the case that the transaction constituted a valid gift *inter vivos*, it appearing that the certificate was delivered by the donor to his daughter without anything said as to his right to repossess himself of the certificate, and that the writing on the certificate beneath the signature of the cashier was placed there on the proposal of the husband without any solicitation on the part of the donor.

4. TRIAL, § 302*—*authority of court to modify propositions of law.* Under section 61, ch. 110, Hurd's R. S., J. & A. ¶ 8598, the trial court has authority to modify propositions of law.

Appeal from the Circuit Court of Franklin county; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

W. B. JOHNSON, W. H. HART and MOONEYHAM & SEEBER, for appellant.

SPILLER & MILLER, W. S. CANTRELL and G. A. HICKMAN, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice McBride delivered the opinion of the court.

This was an action of assumpsit instituted by the appellant in the Circuit Court of Franklin county, Illinois. Upon a trial had without a jury the court found the issues for the appellee and rendered judgment against appellant for costs, to reverse which this appeal is prosecuted.

It also appears from the record that a citation had been issued by the County Court of Franklin county against appellee requiring her to surrender to the appellant the certificate or check in question, and by agreement of the parties the cases were consolidated and are submitted to this court as a consolidated case.

It appears from the record in this case that the citation was originally issued by the County Court of Franklin county against appellee under sections 81 and 82, chapter 3 of the Revised Statutes of Illinois (J. & A. ¶¶ 130, 131), directing and requiring her to surrender the certificate hereinafter described. The petition was dismissed by the County Court, from which order the appellant prosecuted an appeal to the Circuit Court, and thereupon instituted at the same term of court an action of assumpsit against the appellee, filing a declaration consisting of the common counts, and at the November Term, 1913, the two cases were consolidated, jury waived and tried before the Circuit Judge. On February 5, 1913, Ivan Jackson was the owner of twelve hundred dollars in money, part of which was in his possession and control, having been placed in tin cans which were secreted at different places, and part in a pocketbook which he kept in a bureau drawer, and part of it appears to have been under the control of and secreted by the appellee. Shortly before the fifth of February, Ivan Jackson had determined to give this money to his daughter, Martha E. Robinson, the appellee herein, and so told her husband, John Robinson, whom he selected to help him gather this money together and

told Robinson that he wanted to give it to the appellee and to deposit it in a bank in her name so that she would be sure to get it. During the period in which they were engaged in gathering the money together and counting it, John Robinson suggested to Ivan Jackson that he was getting old and that the appellee might die before he did and that he would put a clause in the certificate to protect Ivan Jackson in case of her death. After the money had been collected together Ivan Jackson gave it to John Robinson and told him to deposit it in the bank and make the check or certificate payable to appellee. This was done, the money was deposited in the Farmers Exchange Bank and the following certificate issued:

"$1200.                                    No. 186
             Farmers Exchange Bank
                   Akin, Ill., Feb. 5, 1913.
Martha E. Robinson has deposited in this bank Twelve hundred dollars, payable to herself in current funds, six months after date on return of this certificate properly endorsed, with interest at the rate of four per cent per annum. No interest after maturity.
                        John B. McGuyer,
                                    Cashier.

Certificate of deposit subject to check. In case of the death of Martha E. Robinson, before the death of Ivan Jackson, this certificate of deposit becomes the property of Ivan Jackson."

The certificate of deposit was taken by John Robinson to Ivan Jackson, who, after having it read to him turned it over to appellee and said: "Take that and put it away, it was yours." The check was received by appellee and kept by her. On July 10, 1913, Ivan Jackson died and this suit is brought to recover the money from the appellee.

The evidence introduced, the argument of counsel, and, in fact, the whole trial of this case has been con-

ducted along the lines that appellee was in good faith
claiming to be the owner of this certificate of deposit,
and that appellant claimed that it had never been de-
livered to her, and, as we understand it, was purely
a contest of the right of ownership of this certificate,
and being a contest as to its ownership we do not think
that the citation, under sections 81 and 82, is the proper
remedy to try a contested question of this character.
"The summary proceedings in the probate court to
compel the production and delivery of property 'is
not the proper remedy * * * to try contested
rights and title to property between the executor and
others.'" *Dinsmoor v. Bressler,* 164 Ill. 211.

"If sections 81 and 82 could be used to settle con-
tested rights to property as between executors and
administrators on the one side and third persons on
the other, they would operate as an infringement upon
the constitutional right to trial by jury, as they con-
tain no provision for a jury trial." *Moore v. Branden-
burg,* 248 Ill. 240.

"The statute is not designed to afford the means
of collecting debts due to estates (*Williams v Conley,*
20 Ill. 643), nor to try contested rights and title to
property between the executors and others. (*Dinsmoor
v. Bressler, supra.)" Moore v. Brandenburg, supra.*
This same doctrine is fully recognized in *Martin v
Martin,* 170 Ill. 18. We do not believe that this was
a proper case for the summary proceedings under
sections 81 and 82 of chapter 3, and are of the opinion
that the court did right in dismissing the petition. The
real question that is presented by this record is, as to
the delivery of the certificate of deposit by Ivan Jack-
son to the appellee. The different views presented
by counsel are concerned more with the facts and the
application thereof to the law rather than the law
itself. Indeed there can be little dispute as to what
the law is, as we think it is well settled that to consti-
tute a valid gift *inter vivos* there must be a complete

delivery of the property, such a change of possession as to put it out of the power of the giver to repossess himself of the thing given, and the delivery must be made with the intent to vest the title in the donee. *Telford v. Patton,* 144 Ill. 611. The question here is, was there such a delivery of this certificate? To determine this question it is necessary to take into consideration all of the actions of the parties and the facts preceding and attending the delivery of this check, together with the declarations made by Ivan Jackson after its delivery. It is very clear from this testimony that Ivan Jackson desired to give his daughter, the appellee, the money in question, and it became with him a matter of how to deliver it so that it could not be taken away from her. The money was scattered around the house, in the smokehouse, hidden in the yard, in old cans, and in various places, and it became necessary for him to collect this money together. There was two hundred dollars of it in gold, at least, that seems to have been under the control of appellee and it was secreted by her in a tin can in the yard. John Robinson, the husband of appellee, was taken into the confidence of Jackson and assisted in collecting this money together, and during this time Jackson said to him: "Now I want that money counted and took to the bank and I want to give it to Martha (appellee) ; he said I don't know how much there is of it but whatever you take to the bank I want it deposited in her name. He called it a check and he said, I want the check made payable to her." That was on the night before the money was deposited. "He said for me to take it to wherever I pleased and deposit it." Witness says: "I cannot tell you how much was in Mr. Jackson's possession or in my wife's possession." Witness further says, that he told Jackson: "If you want to deposit it in her name I will put this clause in the certificate of deposit, in the case of my wife's death before your death it becomes your property

again. My wife was not present when I made this statement to Ivan Jackson. Jackson would say he wanted me to take it and deposit it in the bank in my wife's name so she would be sure and get it. I took it to the bank and got a certificate of deposit that was shown here as Exhibit A.'' Mr. Guyer, cashier of the bank, testified that when Robinson brought the money to deposit it that he said he had some money he wanted to deposit and wanted to deposit in Martha E. Robinson's name and wanted a clause in that certificate providing that if Martha E. Robinson died prior to the death of Ivan Jackson it was to go to Ivan Jackson. The certificate of deposit was issued by the cashier and made payable to her order in current funds, signed by the cashier. Following the signature of the cashier, but not included as a part of the certificate, unless placing it upon the same paper makes it such, are the words: ''In case of the death of Martha E. Robinson before the death of Ivan Jackson this certificate of deposit becomes the property of Ivan Jackson.'' The certificate was then taken by John Robinson and delivered to Ivan Jackson, who caused his grandson to read it to him and he then handed it to appellee and said: ''Take that and put it away it was yours,'' and it has been in her possession ever since. John Robinson, who was the witness of plaintiff, further testifies: ''That was put on the certificate of deposit at my own proposal. The reason I proposed it my wife was a weakly woman and I did not know whether she would live to take care of her father in his old age or not and I did not know but what he would need that money himself before he died and if she didn't live to take care of him I wanted him to have the money to take care of himself. He never made that request to me. There never was any request made whatever on the day I took this money to deposit that it should be in the certificate of deposit.'' The appellee was not present at these conversations,

and so far as the record discloses knew nothing of the talk between her husband and the deceased. It further appears from the record that the deceased told J. D. Allen that he was going to give his daughter one thousand dollars or more and he aimed to have it put in the bank in her name so they could not get it from her. Frances Jackson says that Ivan Jackson told her, "I made her a check for twelve hundred dollars." Omer Reece says that Ivan Jackson told him that he had given Martha Robinson twelve hundred dollars and John put it up here in the bank, and in the same conversation said that Martha was run to death and had so much work to do but he intended to pay her well, and named over what he had given her.

It is insisted by counsel for appellant that this was a conditional check and that the gift was made conditional. It will be observed that the check was made payable absolutely to appellee without any conditions, signed by the cashier, and while it is true that written beneath the signature of the cashier was the clause above stated, yet that is not signed by the cashier or included in the certificate, and when this certificate was taken to Ivan Jackson he caused it to be read and delivered it to appellee. He, at that time, said nothing about retaining the money or reserving the right to at any time repossess himself of it. No obligation was taken from her and no request made of her to in any manner return it and he, at that time, did not even sign the memorandum that had been placed at the bottom or ask her to sign it. The statement itself is not a reservation and does not pretend to retain the property in any manner. When we take into consideration the fact that Ivan Jackson at no time made a request that such a clause be even attached to the certificate of deposit, that the placing of such a clause originated with the husband of appellee, that at the time of the delivery by Ivan Jackson to appellee nothing was suggested about retaining or

in any manner resuming possession or control of this money, that he apparently gave no concern about this whole matter, except that he wanted the daughter to have the money, and afterwards told other persons that he had given it to her and that he had placed it so that they could not get it away from her, we are convinced that he had no intention and in fact did not reserve any control of this money but delivered it to her as hers absolutely.

Even if a thought had occurred to him to adopt the suggestion of Robinson, which was made without the knowledge of appellee, and that when deceased came to deliver the certificate to appellee he made no suggestions or requirements of appellee with reference to a return of the money, the reasonable conclusion would be that whatever might have been in his mind before that was waived when he handed the certificate to appellee and said: ''Take it, it is yours.'' It may be that the construction placed upon the writing attached to the certificate by the trial judge is in the nature of a strict construction, but we are of the opinion that under the evidence in this case, and for the purpose of giving effect to the clear intention of the deceased, that he was warranted in adopting such a construction.

Much stress is laid by counsel for appellants upon the case of *Telford v. Patton, supra,* and it is insisted that this case is controlled thereby. It is true that the principles with reference to delivery are correctly laid down in that case, but an examination of the case will show that it is entirely different from the one now under consideration. In that case the certificate of deposit had never been delivered to the donee, nor had the donee been advised of its existence, but the donor had simply had a certificate made payable to the donee and kept it in his own possession without in any manner advising any one with reference thereto, and in the decision of that case, the Court at

page 623 said: "In the absence of any proof of declarations made by Telford to the Bank, and in the absence of any proof as to his intentions in obtaining the certificate, it cannot be said that he was ever wholly divested of control and dominion over the deposit so long as the certificate remained in his possession."

Exceptions have been taken to the court's refusal to give propositions one, four and five offered by the plaintiff. The first proposition is not applicable to facts in this case. There was no condition stated and no provision that it should remain the property of the donor as set forth in the proposition.

In the second and third propositions there is no evidence that any agreement was made between the deceased and defendant, or their authorized agent, and, even if an unsigned statement appeared upon the certificate, as it certainly did, anything contained in such statement could have been waived by the declarations or conduct of the parties, which is entirely ignored by these propositions.

The fourth proposition could well have been held by the court to be the law, but it was given substantially in appellant's sixth proposition.

The criticism made upon plaintiff's third and seventh legal propositions, that the court erred in modifying the same, is without merit, as the statute expressly authorizes the court to modify such propositions under section 61, ch. 110 of the Revised Statutes. (J. & A. ¶ 8598.)

After a very careful examination of this whole record we are of the opinion that the court was warranted in finding the issues for the plaintiff. At all events, committed no error in so finding that would warrant us in reversing the case, and we are of the opinion that the judgment should be affirmed.

*Judgment affirmed.*