## Lulu Mae Hays and Florence VanGorder, Appellees, v. State Bank of Saybrook, Appellant.

1. EXECUTORS AND ADMINISTRATORS, § 490*—*when County Court has no jurisdiction of proceeding to try title to personal property.* The County Court has no jurisdiction of a proceeding under the Administration Act, secs. 81, 82 (J. & A. ¶¶ 130, 131), to try contested rights and title to personal property between the representative of the estate of a deceased person and others.

2. APPEAL AND ERROR, § 365*—*when point that no objection was made as to jurisdiction of trial court is unavailable.* Where a trial court has no jurisdiction of a case, it is no answer to a challenge in the Appellate Court of the right of the trial court to proceed in the case to show that the point was not raised in that court, since whenever the want of jurisdiction is discovered, courts will proceed no further with the litigation.

Appeal from the Circuit Court of Piatt county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded with directions. Opinion filed October 13, 1916.

WRIGHT & ALEXANDER and J. L. HICKS, for appellant.

HERRICK & HERRICK and E. J. HAWBAKER, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is a proceeding begun in the County Court of Piatt county, under sections 81 and 82 of the Administration Act of this State (J. & A. ¶¶ 130, 131), to compel appellant to deliver up to the administrator of an estate funds in its hands, the proceeds of the sale of personal property upon which the deceased had a chattel mortgage in his lifetime and which property had been sold by the mortgagee, and the proceeds in question turned over by the mortgagee to pay a debt he

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

owed to appellant, and which funds appellant claims the right to hold, apparently on the ground that the lien under the mortgage had been lost.

In *Dinsmoor v. Bressler,* 164 Ill. 211, it was held that the proceeding provided by sections 81 and 82 of the Administration Act are not the proper remedy to try contested rights and title to personal property between the representative of the estate of a deceased person and others. This case was cited and followed and the same doctrine reiterated in *Moore v. Brandenburg,* 248 Ill. 232.

The filing of the petition in this case conferred no jurisdiction on the Probate Court to try the question presented. It is no answer to the challenge in this court that the trial court was without jurisdiction to say the point was not raised in that court. Whenever the want of jurisdiction is discovered, courts will proceed no further with the litigation.

The judgment of the Circuit Court is therefore reversed and the cause remanded to that court with directions to dismiss the petition.

*Reversed and remanded with directions.*