## In re Estate of August F. Roeske, Deceased.
On appeal of Bertha Gulzow (formerly Bertha Roeske), Appellant, v. Maria Fillwock et al., Appellees.

### Gen. No. 21,948.

1. EXECUTORS AND ADMINISTRATORS, § 8*—*what is nature of jurisdiction of County and Probate Courts in matters of administration.* County and Probate Courts are courts. of general and unlimited jurisdiction in matters of administration, and exercise an equitable jurisdiction adapted to their organization and modes of procedure.

2. EXECUTORS AND ADMINISTRATORS, § 8*—*when order allowing or disallowing claim may be set aside.* County and Probate Courts in the exercise of their equitable jurisdiction in matters of administration may, on motion at a subsequent term, set aside an order allowing or disallowing a claim against an estate where fraud or mistake has intervened.

3. EXECUTORS AND ADMINISTRATORS, § 552*—*when presumed evidence was sufficient to establish fraud in allowance of child's award in account of executrix.* Where the Circuit Court, on appeal from an order of approval by the Probate Court of an executrix's final account, found a certain child's award mentioned in such account was excessive and ordered that it be set aside and a new award made, *held* in the absence of a bill of exceptions, that it would be presumed that there was evidence before the trial judge on such appeal tending to establish fraud or mistake in the allowance of such award so as to give the court jurisdiction to set the award aside.

4. EXECUTORS AND ADMINISTRATORS, § 552*—*when presumed that necessary steps were had in Circuit Court against executrix failing to account for assets.* Where the Circuit Court, on appeal from an order of approval by the Probate Court of an executrix's final account, found certain assets unaccounted for and ordered the executrix to account for same, *held* that while an executrix who conceals assets may be proceeded against by citation under Rev. St. ch. 3, secs. 81, 82 (J. & A. ¶¶ 130, 131), such was not the only remedy, and on appeal from the judgment of the Circuit Court it would be presumed the necessary steps were had in that court in the absence of a bill of exceptions.

5. COURTS, § 104*—*when Probate Court has jurisdiction.* Where it is claimed that the representative of an estate has property be-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

longing to the estate which is claimed by such representative individually, the Probate Court has ample authority to determine the ownership of the property, and it is not necessary that a separate suit be brought.

6. COURTS, § 104*—*when Probate Court has no jurisdiction.* The Probate Court has no jurisdiction to determine the ownership of property where the proceeding is between the representative of an estate on the one side and third persons on the other.

7. PLEADING, § 3*—*when formal pleadings not required.* No formal pleadings are required in the Probate Court.

8. EXECUTORS AND ADMINISTRATORS, § 556*—*when case tried de novo on appeal.* On appeal to the Circuit Court from an order of approval by the Probate Court of an executrix's final account, the case is tried *de novo.*

9. EXECUTORS AND ADMINISTRATORS, § 552*—*when presumed that sufficient showing was made that appellees were interested in subject-matter of proceeding.* In the absence of a bill of exceptions on appeal from a judgment of the Circuit Court trying an appeal from an order of approval by the Probate Court of an executrix's final account entered in the administration of an estate, *held* that it would be presumed that there was sufficient showing made that appellees were interested in the subject-matter of the proceeding.

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 18, 1917.

RUDOLPH H. WOLLNER and CHARLES LEVITON, for appellant.

FRANCIS E. CROARKIN, for appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

This is an appeal by the executrix of the estate of August F. Roeske, deceased, from a judgment entered in the Circuit Court of Cook county.

It appears that the executrix filed her amended final account in the Probate Court of Cook county, and that the same was approved. From such order of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

approval, appellees prosecuted an appeal to the Circuit Court of Cook county. The matter there came on for hearing upon a stipulation of the parties, and testimony heard in open court. The Circuit Court found that it had jurisdiction of the parties and subject-matter, and as to the objections filed to appellant's amended final account, the court further found that there was $300 deposited in the Hibernian Bank of Chicago, in the name of Bertha Roeske individually, which was the property of and belonged to August F. Roeske, deceased, at the time of his death. The court further found that $500, which was loaned to certain persons about three years before the death of August Roeske, was the property of August F. Roeske, and belonged to him at the time of his death; and it was ordered that the executrix account for the $300 and $500 not accounted for in the final account. The court further found that the child's award of $1,000 mentioned in the executrix's final account was excessive and ordered that it be set aside and a new award made.

Appellant contends that the Circuit Court had no authority to set aside the child's award for the reason that the award is a judgment in favor of the child, and is similar to the allowance of a claim of the second class, and, as no appeal was taken from the order of allowance, the court was therefore without jurisdiction.

"County and Probate Courts are courts of general and unlimited jurisdiction in matters of administration, and exercise an equitable jurisdiction adapted to their organization and modes of procedure, and in the exercise of such equitable jurisdiction may, on motion at a subsequent term, set aside an order allowing or disallowing a claim against an estate, where fraud or mistake has intervened." *Tisdale v. Davis*, 198 Ill. App. 116; *Schlink v. Maxton*, 153 Ill. 447;

*Sherman v. Whiteside,* 190 Ill. 576; *Heppe v. Szcze-panski,* 209 Ill. 88; *Whittemore v. Coleman,* 239 Ill. 450; *Marshall v. Coleman,* 187 Ill. 556; *Domitski v. American Linseed Co.,* 221 Ill. 161; *Ford v. First Nat. Bank,* 201 Ill. 120.

In the *Marshall* case, *supra,* where it appeared claims had been allowed and subsequently when the final report came on for approval objections were made to such allowances, the court held the objections were made in apt time. It was there said (p. 570): "We are, accordingly, of the opinion that, as the estate of the deceased, Edward B. Goodner, was not closed, the County Court of Marion county had a right, when appellant's final report was presented for approval, to hear testimony for the purpose of contradicting and surcharging his former reports and accounts as administrator, and to surcharge and correct the same, if the testimony so introduced justified such action."

There is no bill of exceptions in the record in this case. We have, therefore, no means of ascertaining what evidence was produced before the Circuit Court. Every intendment is in favor of the validity of the judgment, and we must therefore presume that the court heard sufficient evidence to authorize the entering of the judgment. Under this rule, we must presume that there was evidence before the trial judge tending to establish fraud or mistake in the allowance of the child's award, and therefore the court had jurisdiction to set the award aside.

The appellant further contends that the Circuit Court had no jurisdiction to order the executrix to account for the $300 and $500 above mentioned; that the proper procedure where the executrix conceals assets is a proceeding for citation under sections 81 and 82, chapter 3, Revised Statutes (J. & A. ¶¶ 130, 131), and not by filing objections to the final account,

and that where the executrix has disclosed assets but claims them as her own, then sections 81 and 82 are inapplicable, and the proper method is by a bill in equity. It is true that when an executrix conceals the assets she may be proceeded against under sections 81 and 82, but this is not the only remedy (*Simms v. Guess*, 52 Ill. App. 543), and, in the absence of a bill of exceptions, we must presume that the necessary steps were had in the trial court. In the *Marshall* case, *supra*, it was held that the account of an administrator could be surcharged and corrected upon the filing of the final account, and, as above stated, we must presume that objections were made to the final account that it did not include therein the $300 and $500, and the Probate Court overruled these objections and approved the account, from which appeal was taken, and the Circuit Court therefore had jurisdiction of the matter.

Where it is claimed that the representative of an estate has property belonging to the estate, which is claimed by such representative individually, the Probate Court has ample authority to determine the ownership of the property, and it is not necessary that a separate suit be brought. *Martin v. Martin*, 170 Ill. 18; *Dinsmoor v. Bressler*, 164 Ill. 211; *Platt v. Williams*, 175 Ill. App. 1; *Rone v. Robinson*, 188 Ill. App. 438. But the Probate Court has no jurisdiction to determine the ownership of property where the proceeding is between the representative of an estate on the one side and third persons on the other. *Dinsmoor v. Bressler, supra; Moore v. Branderburg*, 248 Ill. 240. In the case at bar, the contention is that the $300 and $500, claimed by the executrix individually, in fact belonged to the estate. She could not, therefore, as executrix, proceed against herself individually. As was said in the *Martin* case, p. 29: "In this case the plaintiff in error, who was proceeded against,

is one of the executors, and could not be both plaintiff and defendant in a suit at law. If she held property, claiming the same as her own, which belonged to the estate being administered under the jurisdiction of the County Court, and of which she was one of the executors, the relation afforded ground for an equitable proceeding against her. It is one of the cases where the court may properly order a surrender of property, and enforce a duty owing by the trustee in the manner provided by the statute."

Appellant also contends that the Circuit Court had no jurisdiction, because there is no showing that appellees had any interest in the subject-matter. Section 24, chapter 3, Revised Statutes (J. & A. ¶ 73), provides that appeals may be taken from all judgments or orders of the County or Probate Courts by any person who may consider himself aggrieved by the judgment or order. No formal pleadings are required in the Probate Court, and, on appeal to the Circuit Court, the trial is *de novo*. Under the rule above stated, we must presume that there was sufficient showing made that appellees were interested in the subject-matter.

Finding no reversible error in the record, the judgment of the Circuit Court of Cook county is affirmed.

*Affirmed.*