### John Mahoney v. The People ex rel. Margaret Patteson.

1. ADMINISTRATION OF ESTATES—*Power of the Court to Examine Persons Charged with Having Assets of an Estate in Their Possession.* —When an executor, administrator or other person interested in an estate, states upon oath to the County Court that he believes a person has in his possession any goods, chattels, moneys or effects, books of account, papers, or any evidence of debt whatever, or titles to lands belonging to a deceased person, it is the duty of the court to require such person to appear before it by citation, and the court may examine him on oath and hear the testimony of such executor or administrator or other person interested in the estate and other evidence offered by either party and make such order in the premises as the case may require.

2. SAME—*Jury Trials in Proceedings by Citation.*—In a proceeding under section 81, chapter 3, R. S., to compel a person to answer touching assets of an estate in his possession, such person is not entitled to a trial by jury in such proceeding as a matter of right.

3. SAME—*Discretion of the Court to Examine Persons Cited.*—In proceedings under section 81, chapter 3, R. S., "Administration of Estates," to compel a person to answer touching his possession of assets belonging to an estate, the statute leaves it discretionary with the court to examine or not to examine the person against whom such proceedings are had.

4. TRIAL BY JURY—*Constitutional Provisions.*—Section 5, article 2, of the constitution of 1870, was not intended to introduce jury trials in special summary jurisdictions, which were unknown to the common law and which do not expressly provide for that mode of trial.

5. CONSTITUTIONAL PROVISIONS—*As to Jury Trials.*—The constitutional provision of 1870 giving a right to a trial by jury was designed simply to secure that right in tribunals exercising common-law jurisdiction as it had been previously enjoyed, and was not intended to confer that right in any class of cases where it had not previously existed, nor was it intended to introduce it into special summary proceedings unknown to the common law, and which make no provision for that mode of trial.

6. APPELLATE COURT PRACTICE—*Errors Must Be Assigned.*—An objection to the action of the trial court in striking out testimony can not be raised in the Appellate Court where no error has been assigned in that regard.

7. JUDGMENTS—*Requisites of—Administration of Estates.*—In a proceeding under section 81, chapter 3, R. S., against a person charged with having assets of an estate in his possession, when the finding is against such person, the judgment should specify the property to be turned over, with certainty.

Citation, under Section 81, Chapter 3, R. S., "Administration of Estates." Appeal from the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded with directions. Opinion filed November 15, 1901.

C. A. McLAUGHLIN and GRIER & STEWART, attorneys for appellant.

KIDDER & KIDDER and JOHN B. BROWN, attorneys for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

Margaret Patteson, one of the heirs at law of William Mahoney, deceased, presented her petition to the County Court of Warren County, in which the estate of decedent was being administered, alleging that John Mahoney had in his possession and under his control, and refused to surrender to the administrator of said estate, two notes for $500 each, payable to the deceased and not indorsed, forty dollars in cash, one watch, one other note as well as other personal property, all of which belonged to said estate, and praying for a citation under the statute.

The citation was ordered issued and served.    The defendant in that proceeding, who is the appellant here, appeared, but failed or neglected to file an answer in the County Court.

A trial was had in the County Court resulting in a finding in favor of the defendant.

The case was taken by appeal to the Circuit Court of Warren County where the defendant filed an answer to the petition.    Upon replication thereto by the petitioner, a trial was had without the intervention of a jury resulting in a finding and judgment in favor of the petitioner.

The defendant brings the case to this court by appeal and claims that the judgment of the Circuit Court should be reversed for various reasons.

It is claimed in argument by counsel for appellant that the judgment should be reversed because the defendant was deprived of the right of trial by jury.

This proceeding was under Sec. 81, Chap. 3, R. S., which provides that if any executor or administrator, or other person interested in any estate, shall state upon oath, to any County Court, that he believes that any person has in his possession * * * any goods, chattels, moneys or effects, books of account, papers, or any evidence of debt whatever, or titles to lands belonging to any deceased person, * * * the court shall require such person to appear before it by citation, and may examine him on oath and hear the testmony of such executor or administrator, and other evidence offered by either party, and make such order in the premises as the case may require.

There is no assignment of error raising the question in this court, but notwithstanding such technical disposition of the question, the contention is without merit.

The proceeding is statutory and summary in character and makes no provision for trial by jury.    It did not exist at common law.    In Seavey v. Seavey, 30 Ill. App. 625, it was held that upon proceedings brought by an administratrix for the recovery of notes belonging to the estate, it is proper to refuse a trial by jury in the Circuit Court upon appeal

from the County Court; that Sec. 5, Art. 2, of the Constitution of 1870, was not intended to introduce jury trials in special summary jurisdictions, which were unknown to the common law, and which do not expressly provide for that mode of trial.

In Ward v. Farwell, 97 Ill. 593, it was held that the constitutional provision giving a right to a trial by jury was designed simply to secure that right in tribunals exercising common law jurisdiction, as it had been previously enjoyed; that it was not intended to confer that right in any class of cases where it had not theretofore existed, nor was it intended to introduce it into special summary jurisdictions, unknown to the common law, and which make no provision for that mode of trial.

The appellant was called, sworn and examined upon his own behalf and over the objection of appellee, upon the trial in the Circuit Court, and subsequently his testimony was stricken out. It is urged that the testimony should be considered in this court. We can not agree with the contention of counsel. There is no assignment of error upon which we can review the action of the trial court in striking appellant's testimony from the record. But if the question was properly before us we are of the opinion it would be unavailing to appellant. The statute leaves it discretionary with the court to examine or not to examine the appellant. The statute says the court may, not shall, examine the appellant. The statute is not mandatory. Where the court does not exercise discretion to examine the party he is not a competent witness in his own behalf.

It is claimed that the decedent, who was a brother of appellant, gave the property in controversy to the latter, and that a preponderance of the evidence justifies that conclusion of fact.

Eliminating as we must from our consideration the testimony of appellant, but one conclusion can be reached, and that is that the two five hundred dollar notes, the watch and the forty dollars mentioned in the petition were the property of the decedent and are now a part of his estate,

and should be surrendered by appellant to the administrator.

The Circuit Court was correct in arriving at that conclusion, but the judgment entered was indefinite in that it did not specify the property to be turned over by appellant to the administrator. The cause will be reversed and remanded to the Circuit Court of Warren County with directions to enter a judgment requiring appellant to surrender to the administrator of the estate of William Mahoney, deceased, the two five hundred dollar notes, the watch and the forty dollars mentioned in the petition. Each party to pay his own costs in this court.

Reversed and remanded with directions.