## August Rochey v. Clark Downey and Jacob Strawn, Executors.

1. APPEALS—*Where They Lie from the County Court to the Circuit Court in Matters Pertaining to the Administration of Estates.*—An appeal from the action of the County Court in sustaining a demurrer to a petition of a legatee praying that the executors of a last will and testament be cited to make a full accounting of the assets of the estate collected by them, and of the portion of the residuary fund in their hands for distribution, lies to the Circuit Court of the county.

Petition for a Citation.—Appeal from the Circuit Court of Marshall County; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed November 15, 1901.

WINSLOW EVANS, attorney for appellant.

E. D. RICHMOND, attorney for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellees are the executors of the last will and testament of Francis H. Bond, who died at his home in Marshall county, December 9, 1897. The will was admitted to probate in said county on January 10, 1898, and appellees qualified and entered upon their duties as such executors. Appellant, who was designated by Bond in his will as "a tenant of mine," was devised eighty acres of land, but received no specific gift of personal property. He alone, of the beneficiaries named in the will, received a specific gift of real estate only. After making provisions for numerous other persons named in the will the testator gave the following direction:

"I wish to have my executors sell all my land not conveyed in this will and all my personal property, except moneys, notes, mortgages and accounts, for the best price they will bring, and all moneys collected that is due me, and the sum arising from these sources equally distributed in accordance with the terms of this will among all the legatees named, except I want enough reserved to pay the executors of this will well."

Appellees having proceeded to administer said estate, appellant afterward filed his petition in the County Court, in which he represented, among other things, that appellees had in their hands a large sum of money collected by them as executors, subject to distribution; that by virtue of the terms of said will appellant was one of the legatees, and as such was entitled to a portion of the residuary fund therein mentioned; that appellees denied he was entitled to a distributive share of said residuary fund and refused to pay him any part thereof. He therefore prayed that said executors be cited to make a full accounting of the assets of the estate collected by them, and of the portion of the residuary fund in their hands to be distributed, and that they be required to pay him his distributive share of such fund.

To this petition a demurrer was interposed by appellees in the County Court, which was sustained. The cause was appealed by appellant Rochey to the Circuit Court, where, upon motion of appellees, the appeal was dismissed on the ground that an appeal did not lie from the County Court to the Circuit Court in this cause.

The only error assigned is the dismissing of the appeal by the Circuit Court. Section 124 of the administration act provides:

"Appeals shall be allowed from all judgments, orders or decrees of the County Court in all matters arising under this act to the Circuit Court in favor of any person who may consider himself aggrieved by any judgment, order or decree of such court, and from the Circuit Court to the Supreme Court, as in other cases, and bonds with security to be fixed by the county or circuit courts, as the case may be."

By section 122 and 123 of the act in relation to county courts, it is provided that appeals may be taken from the final orders, judgments and decrees of the county courts to the circuit courts of their respective counties, except in proceedings for the confirmation of special assessments, in proceedings for the sale of lands for taxes and special assessments and in all common law and attachment cases,

and cases of forcible detainer and forcible entry and detainer. Under these provisions of the law, appeals, such as the one before us, could be unquestionably taken directly form the County to the Circuit Court.

It was afterward provided, however, by section 8 of the act establishing Appellate Courts :

" The said appellate courts created by this act, shall exercise appellate jurisdiction only, and have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of any of the circuit courts or the Superior Court of Cook County, or county courts, or from the city courts in any suit or proceeding at law or in chancery, other than criminal cases, not misdemeanors, and cases involving a franchise or freehold, or the validity of a statute." Hurd's Stat. 1899, Chap. 37, Par. 25.

No doubt the section last referred to repeals by implication such portions of the former sections in relation to the subject of appeals from the County Court, as are directly in conflict with it. Lynn v. Lynn, 160 Ill. 307; Union Trust Co. v. Trumbull, 137 Ill. 146.

The question presented is, therefore, whether the proceeding instituted by appellant in the County Court is a " suit or proceeding at law or in chancery." If it is, an appeal lies directly to this court; if not, the appeal should go to the Circuit Court.

In the case of Grier v. Cable, 159 Ill. 29, which involved a claim against an estate, an appeal had been taken from the County to the Circuit Court and from the latter to the Appellate Court, where a motion was made to dismiss the cause upon the ground that the appeal should have been taken directly from the County to the Appellate Court. The court, however, denied the motion to dismiss, saying :

" We are of the opinion that the proceedings provided by law in this State, for the presentation and allowance of claims against the estates of decedents, are in no proper sense suits or proceedings at law or in chancery, but purely statutory proceedings provided for the prompt and summary presentation, allowance and classification of all just claims against such estates.    *    *    *    The mere fact that when a claim is contested so as to necessitate a trial, the trial is

to be conducted in the same way in which suits at law are tried, can not of itself have the effect of converting a purely statutory proceeding into a suit or proceeding at law.    *    * A suit or proceeding at law, as those terms are used in section 8 of the Appellate Court act, must be understood to mean a suit or proceeding instituted and carried on in substantial conformity with the forms and modes prescribed by the common law, and that proceedings for the presentation and allowance of claims against the estates of deceased persons do not come within that definition seems to us too plain for serious discussion."

This proceeding was instituted under sections 114 and 116 of the administration act, which provides for the enforcement of the settlement of estates and for the payment of legacies.    Under these provisions of the statute the parties alleged to be in default are cited to appear, and the whole proceeding is purely statutory in the manner in which it is conducted.    It is not instituted or carried on in the manner of an ordinary common law suit.

It is said by counsel for appellees, however, that the relief sought for, requires the exercise of chancery powers.    It does not follow that where the proceeding instituted under the statute involves the settlement of certain equitable matters to give the relief contemplated by the statute, that it therefore becomes a proceeding in chancery.    There are a number of cases in our Supreme Court reports where the proceedings instituted in the County Court called for equitable relief, and yet the fact that the appeals were taken, in the first instance, from the County to the Circuit Court and not directly to the Appellate Court, is passed unnoticed. Among the many cases which could be cited are: Bliss v. Seaman, 165 Ill. 422; Ramsey v. Whitbeck, 183 Ill. 550; Martin v. Martin, 170 Ill. 18.

These cases can not be considered as authorities settling the right of appeal in such cases from the County to the Circuit Court, because the question does not appear to have arisen in them; but are cited simply for the purpose of showing that the practice has been followed without incurring comment.

In the case of Schenk v. Schenk, 80 Ill. App. 614, where

the question presented was whether an appeal from an order of the County Court admitting a will to probate should be taken to the Circuit Court or directly to the Appellate Court, it was said :

" It can not be justly said that the jurisdiction conferred by the statute in regard to wills is in any proper sense a suit or proceeding at law or in chancery, but is purely and merely a statutory proceeding provided for the prompt and summary method of probating and giving effect to wills in testate estates."

We are therefore of opinion that while this proceeding may have called for some relief which was equitable in its nature, yet it was a summary statutory proceeding and was not a proceeding at law or in chancery within the meaning of section 8 of the Appellate Court act. The appeal was therefore improperly dismissed by the Circuit Court and its judgment will be reversed and the cause remanded.