## Laura B. Wheeler, Adm'x, v. James A. Wheeler.

1. COUNTY COURT—*Has Not Conferred upon It Any General Chancery Jurisdiction.*—The County Court has not conferred upon it any general chancery jurisdiction, but within the powers conferred upon it by the constitution and the statutes in pursuance thereof, it has

the powers and authority to administer equity principles incidentally necessary to the exercise of the jurisdiction it actually possesses.

2. SAME—*Power to Settle and Distribute the Personal Estate of Deceased Persons.*—The County Court has plenary power to settle and distribute the personal estate of deceased persons, and the necessary incidental power to clothe the administrator appointed by it, with the possession and control of the personal assets of deceased persons, without reference to any distinction between law and equity. Where any person has personal property, choses in action, or other assets in possession, to which the administrator lays claim, the County Court has full power to issue its citation against such person, and may thereupon determine the question of ownership of such property, when both the law and equity jurisdiction may be involved.

3. COURTS—*Mere Form of Application Is Not Material.*—The mere form of application to call into action the power of the court is not material, where the court in fact has jurisdiction of the subject-matter.

Probate.—Appeal from the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

CHIPERFIELD & CHIPERFIELD, attorneys for appellant.

WALTER H. KIRK and LUCIEN GRAY, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellee with his brother, the deceased, David M. Wheeler, in the lifetime of the latter, had been engaged in joint business together. Appellee purchased the half interest of his brother in such business, and among the assets so purchased were two promissory notes, of different persons, secured by real estate mortgages, one for $1,900, and another for $575, and thereafter appellee took the possession of the property and business appertaining to the joint enterprise of the brothers. David W. Wheeler died without having indorsed the notes above mentioned, to the appellee, or in any manner in writing did he transfer his half interest therein. Appellant was appointed administratrix of the deceased brother's estate by the County Court of Fulton County. Appellee applied to that court for an

order or decree directing the administratrix to make assign-
ment of the notes in pursuance of the previous contract,
entered into before the death of the decedent. The form
of the application to the County Court was a bill in equity,
upon which a summons issued, in the form of chancery
process, against appellant, and the minor children of the
deceased and their guardian. A motion was made in the
County Court to dismiss the bill for want of jurisdiction of
the court to entertain it, which motion was denied, and
appellee then dismissed the proceeding as to all the defend-
ants except the administratrix, and the court subsequently
granted an order or decree in conformity with the prayer
of the bill, from which an appeal was taken to the Circuit
Court, and the motion to dismiss for the same reason was
renewed and there again denied. Upon the hearing in the
Circuit Court, a decree or order was again entered direct-
ing the administratrix to assign the notes to appellee, from
which the present appeal is prosecuted, and the only ques-
tion urged upon our attention, by which a reversal of the
decree is sought to be accomplished is, whether the County
Court had jurisdiction to entertain the bill for specific per-
formance as it was filed in that court.

If the County Court had jurisdiction of the subject-
matter, we are of the opinion that the mere form of the
application would be immaterial, unless such form was
prescribed by the statute by which such jurisdiction was
conferred. No authority need be cited to prove that the
County Court has not conferred upon it any general chan-
cery jurisdiction, for all know that it has not. It is as
equally familiar to all, that, within the powers conferred
upon it by the constitution and the statutes in pursuance
thereof, it has the powers and authority to administer equity
principles incidentally necessary to the exercise of the
jurisdiction it actually possesses. The County Court has
plenary power to settle and distribute the personal estate
of deceased persons, and the necessary and incidental power
to clothe the administrator appointed by it, with the pos-
session and control of the personal assets of deceased per-

Wheeler v. Wheeler.

sons, without reference to any distinction between law and equity. Where any person has personal property, choses in action or other assets in possession, to which the administrator lays claim, the County Court has full power to issue its citation against such person, and may thereupon determine the question of ownership of such property, when both the law and equity jurisdiction may be involved. These principles are so familiar as to need no authorities to prove them. The County Court then having jurisdiction over the personal estate of decedents, the legislature, in further recognition of such authority, by section 127, chapter 3, Rev. St., the administration act, provided that all contracts made by the decedent may be performed by the executor or administrator, when so directed by the County Court. No authority could be cited to make the plain language of this section clearer than it is. It means what the language imports. No form of application to call into action the power of the court to direct the performance of such contracts, is prescribed. As we said before, mere form is not material where the court in fact has jurisdiction of the subject-matter, and it is plain from what we have said, and much more that could be said, the jurisdiction to make such direction exists in the County Court. Merely to give the application the form and name of a bill in equity, when the court has no general chancery jurisdiction, does not make the application a bill in equity by any means, because there is no element of that sort in the court in which it can rest. The substance of the statement contained in the paper will be analyzed to determine the jurisdiction, and when that is done it is apparent that the court has the power to do the thing asked, by virtue of the provisions of the statute. The County Court as well as the Circuit Court, properly exercised that power, and the order of the Circuit Court will therefore be affirmed.