MURRAY D. AKIN, Exr., Defendant in Error, *vs.* JOHN H. AKIN *et al.* Plaintiffs in Error.

*Opinion filed June 24, 1915.*

1. EXECUTORS AND ADMINISTRATORS—*what necessary to sustain decree granting prayer of petition to sell real estate.* Since the practice in proceedings to sell real estate to pay debts must, under section 101 of the Administration act, be as in cases in chancery, it is necessary, in order to sustain a decree granting affirmative relief in such a proceeding, that the evidence on which the decree is based be preserved in the record or that the decree find facts which justify the relief. (*Therens* v. *Therens,* 267 Ill. 592, explained.)

2. JUDGMENTS AND DECREES—*what is not a sufficient finding to justify relief.* Where it is admitted by the pleadings in a proceeding by an executor to sell land to pay debts that the legal title was in the deceased but the answer charges the existence of a resulting trust in favor of the widow, based upon facts pleaded, a finding in the decree that the deceased was the owner of the land, there being no finding whatever with reference to the facts or to the matters of defense set up in the answer, will not justify the granting of the prayer of the petition.

WRIT OF ERROR to the Probate Court of Kane county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

VOSE & PAGE, (HUBERT E. PAGE, of counsel,) for plaintiffs in error.

MILLER & ROCKWELL, and MURPHY & LYON, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is a writ of error sued out by John H. Akin and Estella Akin to reverse a decree of the probate court of Kane county authorizing the executor of the will of John J. Akin to sell real estate of the testator for the payment of debts. The plaintiffs in error filed an answer to the petition, denying that the deceased was the owner in equity of a part of the land sought to be sold, and alleging that a resulting trust existed in favor of his widow, the mother of the plaintiffs in error, to the extent of two-thirds of a 100-acre farm, a part of such land.

There is no bill of exceptions or certificate of evidence in the record, which consists of the petition, answer and decree. The allegations of the petition are not clear and definite, but while they are in some respects informal and confused, they are sufficient to constitute a compliance with the requirements of the statute. The decree finds the facts upon which it is based, and where facts are recited in the decree it is not necessary to preserve the evidence of them otherwise, nor is it necessary to recite the evidentiary facts. It is sufficient if the ultimate facts which form the basis of the relief granted are found. In this case the answer averred that when the farm was purchased John J. Akin furnished only $900 of the purchase money and Lydia A. Akin, his wife, furnished $600; that $500 was paid by money borrowed by John J. Akin and Lydia A. Akin and subsequently re-paid by Lydia; that a mortgage for $4000 was placed on the farm to secure the balance of the purchase money, and that it was agreed that the title should be taken in the husband and wife and their ownership should be in proportion to the money advanced by each toward the purchase, but that the husband took the title in his own name without his wife's consent. There are some confused

allegations in the answer in regard to the subsequent renewal of the $4000 mortgage and payments made by the wife, the meaning of which is not clear, but the averments above set out are stated with sufficient definiteness, and if established would, in the absence of other facts, show a resulting trust. The decree makes no findings in regard to these averments. It simply finds that John J. Akin at the time of his death was the owner in fee simple, free from encumbrance except as to a $4000 trust deed, of the land. On the facts which constituted the real issue it makes no finding, but rests upon the conclusion of law, based upon the facts shown by the evidence but not stated in the decree or otherwise preserved, that the deceased was the owner of the land. Such a finding might be sufficient in another condition of the pleadings but not here, where the whole issue is upon the question of ownership arising from facts pleaded. It is admitted in the pleadings that John J. Akin died seized of the legal title to the land. The substantial defense of plaintiffs in error was the existence of a trust in favor of Lydia A. Akin resulting from the facts pleaded, and the decree makes no finding in regard to these facts. Proofs were heard, but whether they sustained or disproved the answer the decree does not say, and there was therefore no basis for the finding of ownership in John J. Akin free from the claim of the plaintiffs in error. Section 101 of the Administration act provides that the practice in petitions to sell real estate shall be as in cases in chancery, and it is a general rule of chancery practice that a decree granting affirmative relief cannot be sustained unless the evidence on which it is based is preserved in the record or the decree finds facts which justify the relief. *Ohman* v. *Ohman,* 233 Ill. 632; *Village of Harlem* v. *Suburban Railroad Co.* 202 id. 301; *Jackson* v. *Sackett,* 146 id. 646.

In *Therens* v. *Therens,* 267 Ill. 592, we held that this section did not incorporate into the Administration act the

provisions of section 19 of the Chancery act which permit defendants in chancery who have not had notice of the proceedings to appear and defend within a certain time after the rendition of a decree. Those special provisions do not concern the general chancery practice which section 101 of the Administration act provides for, and that decision has therefore no application here. The decree, as in cases in chancery, should find the facts justifying the decree or the evidence should be otherwise preserved.

The decree adjudges and decrees that Murray D. Akin, as devisee of John J. Akin, under and by virtue of the terms and conditions of the will of John J. Akin, is the owner in fee simple of an undivided half of the real estate and John H. Akin and Mary F. Briggs each of an undivided fourth. The will of John J. Akin does not appear in the record. None of its provisions are set forth in the pleadings or appear in the decree. There was no basis for this part of the decree.

Various other objections were made to the proceedings. The appearance of one or more of the devisees was entered by the solicitors for the petitioner though legally their interests were adverse to the petitioner. The widow had died before the hearing, but the petition contained no reference to her death. The trustee of the mortgage, and the holders of the note secured by it, were not made parties to the petition and it did not state who such holders were. These objections need not be considered for they can be obviated on another hearing. Both the petition and the answer ought to be amended.

The decree is reversed and the cause remanded for further proceedings. Leave to amend the pleadings should be granted if requested by either party.

*Reversed and remanded.*