## Mary E. Hicks, Administratrix, Appellee, v. Sarah Monahan, Appellant.

### Gen. No. 23,629.

1. EXECUTORS AND ADMINISTRATORS, § 92*—*power of Probate Court to resort to chancery process .to compel delivery of. property to administrator.* A Probate Court has the power to compel compliance, by resort to chancery practice, with its orders entered under the authority of sections 81 and 82 of the Administration Act (J. & A. ¶¶ 130, 131), directing the delivery of property of an estate to the administrator.

2. COURTS, § 105*—*power of Probate Court to enforce decrees and orders by chancery process.* While County and Probate Courts are courts of limited jurisdiction, they have, under the statutes and decisions of Illinois, the power, within the limits of that jurisdiction, to enforce certain of their decrees and orders by chancery process.

3. EXECUTORS AND ADMINISTRATORS, § 92*—*power of Probate Court to enforce delivery of property to administrator by summary pro-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Hicks v. Monahan, 209 Ill. App. 516.

cess. Sections 81 and 82 of the Administration Act (J. & A. ¶¶ 130, 131), as reasonably interpreted, are intended to confer upon County and Probate Courts the power, similar to that exercised by courts of equity, to enforce by summary process orders entered thereunder for the delivery to the administrator of an estate of property of the estate which is wrongfully withheld.

4. EXECUTORS AND ADMINISTRATORS, § 92*—*what are proceedings in chancery.* Proceedings under sections 81 and 82 of the Administration Act (J. & A. ¶¶ 130, 131), for the delivery of personal property of an estate wrongfully withheld from the administrator, are proceedings in chancery.

5. EQUITY, § 547*—*how evidence upon which order for delivery of property to administrator is based should be preserved.* In a proceeding under sections 81 and 82 of the Administration Act (J. & A. ¶¶ 130, 131), to compel the delivery of personal property of an estate alleged to be wrongfully withheld from the administrator, it is the duty of the petitioner in whose favor the order is entered to preserve, either by a certificate of evidence or by a finding of facts in the order, the evidence upon which the order is based.

6. EQUITY, § 547*—*preservation of evidence.* It is incumbent upon the party in whose favor a decree in chancery is entered to preserve in some manner the evidence upon which it is based.

7. APPEAL AND ERROR, § 1786*—*when decree reversed for insufficiency of record.* On an appeal from a decree entered in a proceeding under sections 81 and 82 of the Administration Act (J. & A. ¶¶ 130, 131), to compel the delivery to the administrator of personal property of the estate, alleged to be wrongfully withheld, where there is no certificate of evidence in the record and the decree merely finds that property in question is possessed and unlawfully detained by the respondent and there is nothing by which the Appellate Court can determine upon what this conclusion is based, the decree will be reversed.

8. EXECUTORS AND ADMINISTRATORS, § 92*—*what practice impliedly to be followed in compelling delivery of effects of estate.* Though sections 81 and 82 of the Administration Act (J. & A. ¶¶ 130, 131), relating to the compelling of discovery of concealed effects of an estate and delivery to the administrator, do not expressly provide that the remedies therein provided for are to be as in cases in chancery, it is implied that chancery practice is to be followed.

Appeal from the Circuit Court of Cook county; the Hon. VICTOR P. ARNOLD, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed March 5, 1918.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WINTERS, PRICE & STEVENS, for appellant; GEORGE M. STEVENS and JULIAN CLAY RISK, of counsel.

RICE, LOWES, O'NEIL & RICHARDS, for appellee; JOHN H. McAULIFFE, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

Mary E. Hicks, administratrix of the estate of Ellen Monahan, deceased, filed a petition in the Probate Court under sections 81 and 82 of the Administration Act (J. & A. ¶¶ 130, 131) against Sarah Monahan and Jane Monahan, in which petition it was alleged that Sarah Monahan and Jane Monahan had in their possession, belonging to the estate, certain goods, chattels, effects, books of account, papers and evidences of debt, or that respondents had knowledge or information concerning the property belonging to the estate which they refused to give to petitioner on demand. A citation was issued on the petition against Sarah. Monahan and Jane Monahan, and on December 2, 1914, the Probate Court entered an order of record, which order recited that the cause having been heard upon the petition and citation against respondents, and evidence having been taken, etc., the court finds "that neither Sarah Monahan nor Jane Monahan have in their possession or are withholding from the petitioner herein any personal property belonging to the estate of Ellen Monahan, deceased." The citation against respondents was thereupon dismissed and the administratrix appealed the cause to the Circuit Court.

On January 12, 1916, the Circuit Court directed respondent Sarah Monahan and Mary E. Hicks jointly to produce and deliver to the clerk of that court, until the further order of the court, the contents of a certain safety deposit box. By stipulation of the

parties the cause was submitted to the Circuit Court for trial without a jury.

On June 22, 1917, the Circuit Court entered an order of record in which it found that:

"It further appearing to the court from the evidence in this case, and the court being full advised in the premises; finds that it has jurisdiction of the subject-matter hereof, and of all parties hereto; and that the three said Calumet Gas Company Bonds No. 223, 234 and 235 respectively, of the denomination of one thousand dollars ($1,000), together with the interest coupons attached to each bond; one Chicago Auditorium Association first mortgage bond No. 334 of the denomination of one thousand dollars ($1,000) together with the interest coupons attached thereto; one United States of America bond No. 27787 of the denomination of one thousand dollars ($1,000) together with the interest coupons attached thereto; and the sum of forty-six hundred and thirteen dollars ($4,613) of lawful money of the United States of America is the property of Ellen Monahan, deceased."

The court further found that the bonds referred to and the sum of $1,613 in cash had been deposited by the respondent Sarah Monahan on the 12th day of January, 1916, with the clerk of the court, under an order of court. The court further found that respondent Sarah Monahan "is possessed and unlawfully detains from said Mary E. Hicks, as administratrix, as aforesaid, the sum of $3,000, lawful money of the United States of America," and it further ordered and decreed that said respondent deliver said sum of $3,000 to said Mary E. Hicks, administratrix, on demand therefor.

Respondent Sarah Monahan brings the case here by appeal for review.

It is insisted on behalf of respondent that the proceedings brought under sections 81 and 82 of the Administration Act were for the discovery of assets belonging to the estate and should be regarded as in the nature of a bill in equity for discovery and that the

cause should be governed by the practice obtaining in chancery courts. In the case of *Martin v. Martin,* 170 Ill. 18, a residuary legatee by petition prayed for a citation against an executrix who, it was alleged, had in her possession certain personal property belonging to the estate and which she claimed as her own property. In deciding the case the court held that no formal pleadings are required to give the court jurisdiction in such proceedings and that the court had full power to determine the matters arising under the citation without formal answer or other pleadings. Notwithstanding the fact that the parties in the case had submitted written propositions of law under section 61 of the Practice Act (J. & A. ¶ 8598), to be held as law in the decision of the case, the court held that the proceeding was in its nature a chancery proceeding. After a résumé of prior decisions of the court, Mr. Justice Cartwright for the court said:

"A proceeding of this nature in the County Court sitting in probate was unknown to the common law, and jurisdiction in cases involving such question was vested in ecclesiastical or chancery courts, which had no jury. Although County Courts are without general chancery jurisdiction, yet in probate matters they have jurisdiction of an equitable character and may adopt the forms of equitable proceedings."

Section 81 of the Administration Act (J. & A. ¶ 130) provides that if any executor or administrator, or other person interested in any estate, shall state, etc., that he believes that any person has in his possession any personal property of the estate, etc., the court may examine and hear the evidence of either party "and make such order in the premises as the case may require." Section 82 of the Act (J. & A. ¶ 131) is as follows:

"If such person refuses to answer such proper interrogatories as may be propounded to him, or refuses to deliver up such property or effects, or in case the same has been converted, the proceeds or value

thereof, upon a requisition being made for that purpose by an order of the said court, such court may commit such person to jail until he shall comply with the order of the court therein.''

In *Kepple v. Crabb,* 152 Ill. App. 149, it was held in a case arising under a petition which charged an administrator with withholding property belonging to the estate, that the proceedings under the sections of the Administration Act were summary in character, and the court in determining the rights of the parties ''had full chancery powers and jurisdiction, and the proceeding is had under the rules of chancery practice.'' In *Bliss v. Seaman,* 165 Ill. 422, the court in distinguishing between classes of cases over which the Probate Court had jurisdiction, said: ''In the settlement of estates of deceased persons or adjustment of the accounts of executors, administrators and guardians, the County Court may exercise equitable as well as legal powers and adopt equitable forms of proceedings    *    *    *.''

In *Blair v. Sennott,* 134 Ill. 78, the trial court in its order found that ''said William T. Blair has in his possession the sum of $153 belonging to said estate,'' and ordered him to turn over to the administratrix of the said estate said sum within 24 hours, and the Supreme Court held that the jurisdiction of the subject-matter and of the person appearing of record, the presumption in favor of the correctness of the ruling of the Probate Court would be indulged by the court of review.

In *Dinsmoor v. Bressler,* 164 Ill. 218, the court held that an attorney employed by an administrator to bring suit, and who it was charged had collected and retained to his own use the money due the administrator, could not be committed to jail by resorting to summary proceedings provided by sections 81 and 82 of the Administration Act, and on page 222 the court said:

''If sections 81 and 82 could be used to settle con-

tested rights to property as between executors and
administrators on the one side and third persons on
the other, they would operate as an infringement upon
the constitutional right to trial by jury, as they con-
tain no provision for a jury trial.''

The decision in this case turned upon the fact that
the claim against the attorney charged was created
after the death of the intestate and grew out of a con-
tract between the administrator and the attorney, and
hence could not ''be collected in the Probate Court
through the machinery of the proceedings authorized
by sections 81 and 82.''

While the *Dinsmoor* case, *supra,* does not directly
decide the question under consideration here, we think
it is necessarily implied in the decision of that case
that the Probate Court had the power by resort to
chancery practice to compel compliance with orders of
that court entered under the authority of sections 81
and 82 of the Administration Act. It is not contended
here that the claim made against respondent is based
upon matter occurring after the death of the intestate.

Courts of chancery have from early times assumed
jurisdiction over questions arising in the probate and
settlement of the estates of deceased persons. The
statutes of this State confer this jurisdiction upon
County and Probate Courts, and although these courts
are courts of limited jurisdiction only the later deci-
sions of the Supreme Court are to the effect that they
have, within the limits of such jurisdiction, the power
to enforce certain of their decrees and orders by chan-
cery process. *Martin v. Martin, supra.* But, aside
from this, a reasonable interpretation of the language
of sections 81 and 82 of the Administration Act leads
us to the opinion that the Legislature intended to con-
fer upon County and Probate Courts the power to
enforce orders, such as the one under consideration, by
summary process similar to that exercised by courts
of equity. Section 82 of the statutes provides that
where a person refuses to comply with a proper order

made in pursuance of the act, the court "may commit such person to jail until he shall comply with the order of the court therein." The Legislature intended by this statute to provide a summary process by which the court would be enabled to enforce its orders by committing a refractory person to jail. The power thus given the court by the statutes to enforce its orders against one who wrongfully withholds personal property belonging to the estate of a deceased person by committing the wrongdoer to jail is a resort to that practice and process which in a peculiar sense renders so effective the orders and decrees of chancery courts.

While there is some confusion in the decided cases, we think that the proceedings in question must be held to be proceedings in chancery, and if we are right as to this, it necessarily follows that the petitioner should have preserved, by a certificate of evidence or by a finding of facts in the order, the evidence upon which the order of the Circuit Court is based.

In *Berg v. Berg,* 223 Ill. 209, the court said:

"In chancery cases the practice is well settled in this State that the party in whose favor a decree granting relief is entered, to maintain it must in some way preserve the evidence, by a certificate of evidence or otherwise, or the decree must find the specific facts that were proven on the hearing, and that it is not the duty of the party against whom the decree is rendered thus to preserve the evidence. No presumption will be entertained that evidence sufficient to sustain the decree, not appearing in the record, was heard, and if the evidence is not thus properly preserved the decree will be reversed upon appeal."

The duty rests upon a party in whose favor a decree in chancery is entered to preserve in some manner the evidence upon which such decree is based. *Ohman v. Ohman,* 233 Ill. 632.

In its order the trial court found that the money in controversy was possessed and unlawfully detained by respondent Sarah Monahan, and it ordered it turned

over to the administratrix. This is not a finding of facts within the purview of the cases last above referred to. It may be conceded, as urged, that it is not necessary in a decree or order for the trial court to find evidentiary facts. This does not, however, release the court, where, as in this case, no certificate of evidence appears in the record, from finding the ultimate facts upon which a decree or order is based. The finding here is merely the ultimate conclusion which would be a proper return for a jury, if the case were one for determination by a jury, and the conclusion is solely that the property was unlawfully detained. How the property came into the possession of respondents does not appear, nor can we determine from the record upon what facts the trial court based its legal conclusion that the property in question was unlawfully detained by respondents.

In *Akin v. Akin*, 268 Ill. 324, the court in reviewing a decree of the Probate Court authorizing an executor to sell real estate, said:

"The decree finds the facts upon which it is based, and where facts are recited in the decree it is not necessary to preserve the evidence of them otherwise, nor is it necessary to recite the evidentiary facts. It is sufficient if the ultimate facts which form the basis of the relief granted are found. * * * And it is a general rule of chancery practice that a decree granting affirmative relief cannot be sustained unless the evidence on which it is based is preserved in the record or the decree finds facts which justify the relief."

The decision in that case is based upon section 101 of the Administration Act (J. & A. ¶ 150), which provides that the practice in petitions to sell real estate shall be as in cases in chancery, and although sections 81 and 82 of this Act do not expressly provide that the remedies therein provided for are to be as in cases in chancery, we think that such practice is necessarily implied in the language used.

The order of the Circuit Court is reversed and the cause is remanded.

*Reversed and remanded.*