In the Matter of the Estate of Williamina A. Chalifoux, Deceased.

Appeal of D. B. Williams, Appellant, v. Eben F. Runyon, Executor of the Last Will and Testament of Williamina A. Chalifoux, Deceased, Appellee.

Gen. No. 27,826.

APPEAL AND ERROR—*appellate jurisdiction of proceeding under Administration Act for discovery of assets in hands of third person.* A proceeding under Administration Act, secs. 81 and 82, Cahill's Ill. St. ch. 3, ¶¶ 82, 83, for the discovery of assets of the decedent in the hands of a third person and to establish a fiduciary relation between the decedent and such person and to require such person to turn over the assets in question to the personal representative of such decedent, is a summary, statutory proceeding and not a proceeding in chancery within the meaning of the Appellate Court Act, sec. 8, Cahill's Ill. St. ch. 37, ¶ 40, giving the Appellate Courts jurisdiction of appeals in chancery matters from the probate court; and an appeal from a judgment of the probate court of Cook county in such proceeding was properly perfected in the circuit court of such county under the provisions of the Probate Court Act, sec. 11, Cahill's Ill. St. ch. 37, ¶ 341.

ON REHEARING.

PROBATE COURTS—*when probate court is without jurisdiction of proceeding for discovery of assets.* The probate court of Cook county has no jurisdiction of a proceeding for the discovery of assets of a decedent's estate, alleged to have been received by a confident ial agent and adviser of decedent during her lifetime as trustee for her and withheld by him from the executor, where the

petition alleges a trust situation between decedent and such adviser which gives rise to an indebtedness to the estate.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1922. Reversed and remanded. Additional opinion on rehearing reversed. Opinion filed July 11, 1923. Rehearing denied July 11, 1923.

ERNEST W. CLARK and BUSCH, LEESMAN & ROEMER, for appellant.

CHARLES J. TRAINOR, JAMES J. TRAINOR and FRANCIS H. HAYES, for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

In connection with the probate of the estate of Williamina A. Chalifoux, deceased, in the probate court of Cook county, the administrator of her estate filed a petition under the provisions of sections 81 and 82 of chapter 3 of the Illinois Statutes (Cahill's Ill. St. ch. 3, ¶¶ 82, 83), in which he alleged that the respondent, Williams, had acted as the agent and confidential adviser of the deceased, and that while acting in such capacity he had come into possession of certain goods and chattels and also that he had obtained title from her to certain of her real property, and it was alleged that all of this property belonging to the estate of the deceased was in the possession of the respondent. The administrator prayed that a citation might issue, directed to the respondent, to show cause why he should not deliver the property in question to the petitioner as the administrator of the estate of the deceased. Subsequently, the will of the deceased was submitted for probate, and an executor of her estate was duly appointed and a similar petition was fi'ed on his behalf. After issue was joined on the allegations contained in these petitions, a hearing was had in the

probate court, at the conclusion of which a decree was entered, making certain findings of fact and directing the respondent to pay to the executor of the estate of the deceased, within ten days from the entry of the decree, the sum of $34,379.20.

The respondent, Williams, prayed an appeal from that decree to the circuit court of Cook county, which was duly allowed and perfected. Thereafter, counsel for the executor of the estate of the deceased submitted a motion praying that an order be entered in the circuit court dismissing the appeal on the ground that, under the statute applicable to the situation, the appeal of the respondent from the decree entered in the probate court should have been directed to the Appellate Court and not to the circuit court and that, therefore, the latter court was without jurisdiction to consider the appeal. That motion was duly allowed and the appeal from the probate court to the circuit court was dismissed. To reverse that order the respondent has perfected this appeal.

Counsel for both parties treat the original proceedings in the probate court as being proper and as coming within the provisions of sections 81 and 82 of our Administration Act (Cahill's Ill. St. ch. 3, ¶¶ 82, 83). So far as it is applicable to the situation here involved, section 81 of that Act provides that if any executor or administrator or other person interested in any estate shall state upon oath to the county court, or, in the case of Cook county, to the probate court, that he believes that any person has in his possession or has concealed or embezzled any personal property or any titles to land belonging to any deceased person, the court shall require such person to appear before it, by citation, and may examine him on oath and hear the testimony of the executor or administrator and other evidence offered by either party, and make such order in the premises as the case may require. By section 82, it is provided that if such person re-

fuses to answer proper interrogatories propounded to him, or refuses to deliver up property or effects, or, in case the same have been converted, the proceeds of value thereof, upon a requisition being made for that purpose by an order of court, such court may commit such person to jail until he shall comply with the order of the court.

Section 11 of the Act to establish probate courts, in such counties as the county of Cook (Cahill's Ill. St. ch. 37, ¶ 341), provides that appeals may be taken from final orders, judgments and decrees of the probate courts to the circuit courts in all matters except proceedings on the application of executors, administrators, guardians and conservators, for the sale of real estate, and it provides that upon such appeal the case shall be tried *de novo*.

Section 8 of the Act to establish Appellate Courts (Cahill's Ill. St. ch. 37, ¶ 40) provides, among other things, that the Appellate Courts shall exercise appellate jurisdiction only and shall have jurisdiction of all matters of appeal from the final orders, judgments or decrees of the county court (probate court) "in any suit or proceeding at law or in chancery."

It is conceded that there is but one question presented to this court on this appeal, namely, was the proceeding in the probate court, which has been described above, a suit or proceeding in chancery? If it was, the appeal from the decree entered in the probate court would necessarily be to the Appellate Court, under the provisions of section 8 of the Appellate Court Act, which superseded those of section 11 of the Probate Court Act, in so far as the provisions of the latter are inconsistent with those of the former. If, however, the proceeding in the probate court may not be said to have been a suit or proceeding in chancery, then the appeal from the decree entered in the probate court was properly taken to the circuit court

and the order of the latter court, dismissing the appeal, would then be erroneous.

It has been held that "any proceeding at law or in equity," as comprehended by the provisions of section 8 of the Appellate Court Act, means any suit or proceeding instituted and carried on in substantial conformity with the forms and modes prescribed by common law. In *Grier v. Cable*, 159 Ill. 29, a claim was filed against the estate of a deceased person, and after a trial in the county court the claim was disallowed. An appeal was perfected to the circuit court, where the claimant secured a verdict, which, however, was set aside, and after a second trial judgment was entered against the claimant. The latter, thereupon, perfected an appeal to the Appellate Court, where the judgment of the circuit court was reversed and the case was remanded. A third trial was then had in the circuit court, resulting in a judgment in favor of the claimant. On appeal from that judgment, by the executor, to the Appellate Court, the judgment was affirmed and a further appeal was then perfected by the executor to the Supreme Court. The contention was made, in the Supreme Court, that a motion which had been made by the executor in the circuit court after the case had been remanded to that court by the Appellate Court, by which motion the circuit court was asked to dismiss the case out of that court, on the ground that the appeal should have been taken to the Appellate Court and that the circuit court was therefore without jurisdiction, should have been allowed. But the Supreme Court held that the executor urged the point too late, after having submitted to two trials in the circuit court, without questioning its jurisdiction, and furthermore held, on the merits of the question, that the appeal was properly taken to the circuit court from the probate court, and in that connection the Supreme Court said that the question involved was whether a proceeding for the presenta-

tion of proof and allowance of a claim against the estate of a deceased person was a suit or proceeding at law or in·chancery, and the court said that it was not, but that it was a "purely statutory proceeding, provided for the prompt and summary presentation, allowance and classification of all just claims against such estates." In passing on the question the court said:

"In all of its essential features this proceeding is distinctively statutory. The mere fact that when a claim·is contested, so as to necessitate a trial, the trial is to be conducted in the same way in which suits at law are tried, cannot, of itself, have the effect of converting a purely statutory proceeding into a suit or proceeding at law. In all other respects the proceeding is *sui generis,* and bears no analogy to proceedings conducted according to the forms of the common law. No written pleadings are required. (*Thorp v. Goewey,* 85 Ill. 611; *Wolf v. Beaird,* 123 Ill. 585.) The proceeding is not governed by the technical rules which apply to suits at law. (*Scheel v. Eidman,* 68 Ill. 193.) A suit or proceeding at law, as those terms are used in section 8 of the Appellate Court Act, must be understood to mean a suit or proceeding instituted and carried on in substantial conformity with the forms and modes prescribed by the common law, * * *."

The case of *Nadig v. Turner,* 291 Ill. 513, involved a petition filed by the administrator of the estate of a deceased person, praying for an order authorizing the petitioner to carry out a contract and agreement made by the deceased in his lifetime, to convey certain real estate. The county court granted the prayer of the petition, and an appeal was perfected to the Supreme Court by the heirs of the deceased. In support of their appeal the heirs insisted that the case involved·a proceeding in equity for specific performance. The court held that it was a proceeding under the provision of the Administration Act to the effect

that all contracts made by a decedent may be performed by the executor or administrator when so directed by the county court, and that, therefore, the appeal should not have been taken to the Supreme Court but to the circuit court. In this connection the court said:

"This is a purely statutory proceeding, and the appeal would not lie to the Appellate Court from the county court, under section 8 of the Appellate Court Act. That Act refers only to appeals 'in any suit or proceeding at law or in chancery,' and that has been construed to mean suits or proceedings instituted and carried on in substantial conformity with the forms and modes prescribed by the common law. *Grier v. Cable,* 159 Ill. 29."

There are a number of decisions of our courts in Illinois involving orders or decrees entered in the county or probate courts which have been held not to be suits or proceedings at law or in chancery, and thus not within the provisions of section 8 of the Appellate Court Act.

The case of *People v. Peters,* 173 Ill. App. 564, was a proceeding under the Pauper Act, seeking to compel the defendant to support his grandchild. From the order entered in the county court the defendant appealed to the circuit court and that court dismissed the appeal for want of jurisdiction. On writ of error from this court to the circuit court, this court held that the provisions of section 122 of the Act to extend the jurisdiction of county courts and providing for appeals from the orders of those courts had been repealed by section 8 of the Appellate Court Act, in so far as the former section was in conflict with the latter, citing *Union Trust Co. v. Trumbull,* 137 Ill. 146, and *Sellers v. Thomas,* 185 Ill. 384. But this court further held that the proceedings under the Pauper Act did not constitute "any suit or proceeding at law or in chancery" and therefore did not come within the provisions of section 8 of the Appellate Court Act,

and in that connection the court observed that the orders of the county court, in proceedings under the Pauper Act, "are enforceable by attachment as for contempt and by execution against the property of the defendant. * * * It would seem from a study of the language of the statute that the proceedings thereunder were not suits or proceedings at law or in chancery, but tended to some considerable extent to be summary. They are so termed in *People v. Hill*, 163 Ill. 186." The court, however, affirmed the order of the circuit court, dismissing the appeal on the ground that the order of the county court was not an appealable order.

In the case of *Wheeler v. Wheeler*, 105 Ill. App. 48, a surviving partner applied to the county court for an order or decree directing the administratrix of the estate of his deceased partner to make assignment of certain notes to him, pursuant to a contract entered into between the partners before the death of the decedent. This application was made in the form of a bill in equity. The county court entered an order or decree in conformity with the prayer of the bill and an appeal was taken to the circuit court with the same result. From the decree entered in the latter court an appeal was perfected to the Appellate Court. The only question presented on the appeal to the Appellate Court was whether the county court had jurisdiction to entertain the bill as filed in that court. The question of whether the appeal from the county court should have been to the circuit court or the Appellate Court was not specifically raised. In affirming the decree of the circuit court, this court observed that it was unnecessary to state any authority to prove:

"That the county court has not conferred upon it any general chancery jurisdiction * * *. It is as equally familiar to all, that, within the powers conferred upon it by the constitution and the statutes in

pursuance thereof, it has the power and authority to administer equity principles incidentally necessary to the exercise of the jurisdiction it actually possesses. The county court has plenary power to settle and distribute the personal estate of deceased persons, and the necessary and incidental power to clothe the administrator appointed by it, with the possession and control of the personal assets of deceased persons, without reference to any distinction between law and equity.    Where any person has personal property, choses in action or other assets in possession, to which the administrator lays claim, the county court has full power to issue its citation against such person, and may thereupon determine the question of ownership of such property, when both the law and equity jurisdiction may be involved.    These principles are so familiar as to need no authority to prove them.''

The court then pointed out that by section 127 of the Administration Act (Cahill's Ill. St. ch. 3, ¶ 129), the legislature had provided that all contracts made by a decedent may be performed by his executor or administrator, ''when so directed by the county court,'' and then said:

''No form of application to call into action the power of the court to direct the performance of such contracts is prescribed.    *   *   *   Mere form is not material where the court in fact has jurisdiction of the subject-matter   *   *   *.   Merely to give the application the form and name of a bill in equity, when the court has no general chancery jurisdiction, does not make the application a bill in equity by any means, because there is no element of that sort in the court in which it can rest.    The substance of the statement contained in the paper will be analyzed to determine the jurisdiction, and when that is done, it is apparent that the court has the power to do the thing asked, by virtue of the provisions of the statute.''

The case of *Pick v. Diecks,* 218 Ill. App. 295, involved a petition filed by the administrator of the estate of a deceased partner against a surviving partner, praying the court to require the latter to ren-

der an account, and also praying for a rule on the surviving partner to appear in open court, in relation to the copartnership estate. From the decree entered in the probate court an appeal was perfected in the circuit court and from the decree entered in the latter court an appeal was perfected to this court. When the appeal was perfected from the probate court to the circuit court, a motion was duly made that the appeal be there dismissed for the reason that the circuit court did not have jurisdiction. On the appeal to this court, the principal contention of the appellant was that the appeal had been improperly taken from the probate court to the circuit court, and this court held that the determination of that question depended on whether the proceeding was a suit or proceeding at law or in chancery, within the meaning of section 8 of the Appellate Court Act (Cahill's Ill. St. ch. 37, ¶ 40) or section 91 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 91). In deciding that question this court pointed out that the duties of a surviving partner and the proceedings which may be had in the probate court with reference thereto are set forth in sections 87 to 89 of the Administration Act (Cahill's Ill. St. ch. 3, ¶¶ 88-90), and then proceeded to say: "While these provisions are in some respects equitable in their nature, we think, considered as a whole, both as to their substance and as to the mode of procedure, provided, they constitute a special statutory proceeding." It was held that the appeal had properly been taken from the order entered in the probate court to the circuit court and that the latter court had not erred in denying the motion to dismiss the appeal.

The case of *Sebree v. Sebree,* 293 Ill. 228, involved a petition directed to the probate court, praying that a table of heirship, which had been entered, be set aside and that a new table of heirship be entered declaring the petitioner to be the widow of the deceased and praying further that the widow's award be set

off to her.  The probate court entered an order in conformity with the petition.  The executor of the estate of the deceased appealed to the circuit court, where a hearing was had *de novo*, resulting in the petition being denied, whereupon, the petitioner perfected her appeal to the Supreme Court, where it was urged by the petitioner that the circuit court had jurisdiction of the case because, under the provisions of section 8 of the Appellate Court Act, the appeal should have been taken to the Appellate Court.  The Supreme Court held that this contention was sound, if the proceeding involved was "a suit or proceeding at law or in chancery."  The court then defined that phrase to mean "a suit or proceeding instituted and carried on in substantial conformity with the forms and modes prescribed by the common law," and by the rules of chancery, and then pointed out that proceedings of the nature involved in the case then in hand were unknown to the common law, and jurisdiction in cases involving such questions was vested in ecclesiastical or chancery courts.  The court then said: "Although county or probate courts are without chancery or general law jurisdiction, yet in probate matters they have jurisdiction of an equitable character and may adopt forms of equitable proceedings."  The court then referred to cases we have cited above and then said: "The proceeding under the statute relating to proof of heirship or to allow an award is informal.  No provision is made for an answer nor any pleadings had.  The proceeding here was purely statutory and is not a suit or proceeding at law or in chancery within the meaning of section 8 of the Appellate Court Act, and the appeal, therefore, was properly taken from the probate court to the circuit court."

Our courts have been called upon to decide cases involving petitions filed under the provisions of sections 81 and 82 of the Administration Act (Cahill's Ill. St.

ch. 3, ¶¶ 82, 83), as was the petition involved in the case at bar, and although those decisions did not involve the question of the right to appeal, nor did they involve the question of the court to which the appeal should have been taken, they did involve questions requiring the court to pass upon the nature of the proceedings, and the courts therein held that such a petition was not a suit or proceeding at law or in chancery.

The case of *Mahoney v. People,* 98 Ill. App. 241, involved a proceeding under section 81 of the Administration Act (Cahill's Ill. St. ch. 3, ¶ 82). A trial was had in the county court, resulting in a verdict in favor of the respondent, after which an appeal was taken to the circuit court, where a trial was had without the intervention of a jury, resulting in a judgment in favor of the petitioner. The respondent then perfected an appeal to the Appellate Court and contended that the judgment appealed from should be reversed because the respondent had been deprived of his right to a trial by jury. This court held the contrary, observing that the proceeding was statutory and summary in character, that it did not exist at common law and that there was no provision for trial by jury, and that the provisions of section 5, art. 2 of the Constitution of 1870, were not intended to introduce jury trials in special summary proceedings which were unknown to the common law, and which do not expressly provide for that mode of trial.

The case of *Adams v. Adams,* 81 Ill. App. 637, 181 Ill. 210, involved a petition filed by one of the heirs at law of a deceased person, under sections 81 and 82 of the Administration Act (Cahill's Ill. St. ch. 3, ¶¶ 82, 83). The cause was first heard in the county court and afterward on appeal in the circuit court. While the question of the right to appeal to the circuit court was not raised and is, therefore, not passed upon, the court referred to the proceeding as a statutory one,

under which the county court exercised equitable jurisdiction.

The case of *Rochey v. Downey*, 98 Ill. App. 320, involved a petition instituted under sections 114 and 116 of the Administration Act (Cahill's Ill. St. ch. 3, ¶¶ 116, 118), which provide for the enforcement of the settlement of estates and for the payment of legacies. It was a petition against an executor, by one claiming to be a residuary legatee, wherein it was alleged that the executor had a large sum of money which he had collected and which was subject to distribution. The petition, therefore, was one very similar to the one involved in the case at bar. In the county court a demurrer to the petition was sustained and an appeal was thereupon perfected to the circuit court, where, on motion duly made, the appeal was dismissed on the ground that the appeal did not lie to the circuit court. In this case, it will be seen, the question involved in the case at bar was squarely raised. In the case cited, this court observed that section 8 of the Appellate Court Act (Cahill's Ill. St. ch. 37, ¶ 40), repealed by implication such portions of the sections of the statute passed previously, relating to the subject of appeals from the county court or probate court, as are in conflict with it, citing *Lynn v. Lynn*, 160 Ill. 307, and *Union Trust Co. v. Trumbull*, 137 Ill. 146. The court then observed that under the provisions of sections 114 and 116 of the Administration Act: "The parties alleged to be in default are cited to appear, and the whole proceeding is purely statutory in the manner in which it is conducted. It is not instituted or carried on in the manner of an ordinary common-law suit. The court then stated further:

"It is said by counsel for appellees, however, that the relief sought for requires the exercise of chancery powers. It does not follow that where the proceeding instituted under the statute involves the settlement of certain equitable matters to give the relief

contemplated by the statute, that it therefore becomes a proceeding in chancery. There are a number of cases in our Supreme Court reports where the proceedings instituted in the county court called for equitable relief, and yet the fact that the appeals were taken, in the first instance, from the county to the circuit court and not directly to the Appellate Court, is passed unnoticed. Among the many cases which could be cited are: *Bliss v. Seaman*, 165 Ill. 422; *Ramsay's Estate v. Whitbeck*, 183 Ill. 550; *Martin v. Martin*, 170 Ill. 18. These cases cannot be considered as authorities settling the right of appeal in such cases from the county to the circuit court, because the question does not appear to have arisen in them; but are cited simply for the purpose of showing that the practice has been followed without incurring comment."

The court then said that:

"While this proceeding may have called for some relief which was equitable in its nature, yet it was a summary statutory proceeding and was not a proceeding at law or in chancery within the meaning of section 8 of the Appellate Court Act."

We find nothing to the contrary in *Hicks v. Monahan*, 209 Ill. App. 516, referred to by counsel for the executor. That case also involved a petition filed under the provisions of sections 81 and 82 of the Administration Act (Cahill's Ill. St. ch. 3, ¶¶ 82, 83). From the decision of the probate court an appeal was taken to the circuit court. The question of the propriety of that appeal was not raised, but it was contended that the petitioner, who was the appellant, should have preserved, by a certificate of evidence or by a finding of facts in the order, the evidence upon which the order of the circuit court appealed from had been based. This court said that although sections 81 and 82 "do not expressly provide that the remedies therein provided for are to be as in cases in chancery, we think that such practice is necessarily implied in the lan-

guage used.'' The order of the circuit court appealed from was therefore reversed, there being nothing involved beyond the question of practice referred to.

The case of *Barnes v. Earle,* 275 Ill. 381, involved certain objections, filed by creditors of an estate of a deceased person, to the account of the administratrix. From the order entered in the probate court the administratrix perfected an appeal to the circuit court, where the same judgment was entered. Upon that judgment being affirmed, on appeal in the Appellate Court, the Supreme Court granted a writ of certiorari. The court held that ''the proceeding was in the nature of a proceeding in equity and was governed by the rules of equity practice.'' The court accordingly held that depositions filed in the case were' a part of the record, without a certificate of evidence. Apparently the question of the propriety of the appeal from the probate to the circuit court was not specifically raised, but in the course of that opinion the Supreme Court referred to the appeal to the circuit court, observing that ''on appeal from the probate court the circuit court did not sit as a court of errors but tried the cause *de novo.*''

The case of *Martin v. Martin,* 170 Ill. 18, involved a petition by a residuary legatee against the executors, alleging that the inventory was incomplete and that the executors had withheld and secreted certain property belonging to the estate. A citation was issued pursuant to the petition. From the order entered in the probate court, the petitioner perfected an appeal to the circuit court. The propriety of that appeal was not specifically raised. In the course of its opinion the Supreme Court said: ''A proceeding of this nature in the county court sitting in probate was unknown to the common law, and jurisdiction in cases involving such questions was vested in ecclesiastical or chancery courts which had no jury. Although county courts are without general chancery

jurisdiction, yet in probate matters they have jurisdiction of an equitable character and may adopt the forms of equitable proceedings.'' The court referred to other similar powers of the county court, sitting in probate, and then proceeded to hold that: ''In such a case of the exercise of equitable jurisdiction and discretionary powers, a party is not entitled to a trial by jury.''

The case of *Hannah v. Meinshausen,* 216 Ill. App. 169, referred to by counsel for the executor, involved a proceeding to sell real estate to pay debts of an intestate estate, under the provisions of section 101 of the Administration Act (Cahill's Ill. St. ch. 3, ¶ 102). From an order of the probate court an appeal was perfected to the circuit court. The only question involved in this court was a question of whether the circuit court had jurisdiction of the appeal, and this court held that it did not have. Proceedings to sell lands to pay debts are proceedings in chancery by express provision of the statute. It was held in *Lynn v. Lynn,* 160 Ill. 307, and in *Akin v. Akin,* 268 Ill. 324, that a proceeding to sell real estate to pay debts was essentially a suit in chancery and governed by the rules of chancery practice.

There is clearly a distinct difference between petitions to sell real estate under sections 100, 101, 102, of the Administration Act (Cahill's Ill. St. ch. 3 ¶¶ 101, 102, 103) and such petitions as the one involved in the case at bar. Sections 81 and 82 provide for a summary proceeding, unknown to the common law, and possess features entirely foreign to any proceeding in chancery.

On the authority of the cases to which we have referred, we hold that where a petition is filed under the provisions of sections 81 and 82 of the Administration Act, seeking the discovery of assets and seeking to establish a fiduciary relation between the deceased and the respondent and asking the court to find that

certain property in the respondent's possession is in fact the property of the deceased's estate, and praying the court to order the respondent to turn it over to the petitioner, as the executor of that estate, such petition is a summary statutory proceeding and is not a suit or proceeding at law or in chancery, within the meaning of section 8 of the Appellate Court Act, although the probate court has jurisdiction of an equitable nature over the subject-matter involved in such proceedings.

It follows that the appeal from the order or decree entered in the probate court was properly perfected by the respondent to the circuit court of Cook county and the order of the latter court, dismissing the appeal for want of jurisdiction, was therefore erroneous.

For the reasons stated the order of the circuit court appealed from is reversed and the cause is remanded to that court for further proceedings not inconsistent with this opinion.

*Order reversed and cause remanded.*
TAYLOR and O'CONNOR, JJ., concur.

ADDITIONAL OPINION ON REHEARING.

PER CURIAM.   A petition for rehearing has been filed in this case and substantially the same questions passed upon in the opinion handed down are again argued.

We affirm our opinion as to the questions therein passed upon and a rehearing is denied.

Since the filing of the petition for a rehearing, we have conferred with counsel and suggested to them a consideration of the question whether or not the probate court had jurisdiction.   Briefs have since been filed on that subject by both parties and we have

reached the conclusion that in such a case the probate court is without jurisdiction. The petition charged and the probate court found that the respondent, Williams, was the agent and confidential adviser of the deceased and that he had received in the lifetime of the deceased certain amounts of money and certain personal property as trustee for her, and that he was liable upon an accounting to the estate in the sum of $34,279.20.

As to the charge in the petition that the respondent had title to certain real estate which belonged to the deceased, the probate court found that although the respondent had induced the deceased to convey to him the real estate, nevertheless, it in fact belonged to her, but decreed that the probate court had no jurisdiction to enter any order or decree affecting that real estate.

The situation here is dissimilar to that in *Gulzow v. Fillwock,* 205 Ill. App. 366, wherein we held that where the representative of an estate had property belonging to the estate and which was claimed by her individually, the probate court had authority to determine the ownership of the property. Nor is the instant case similar to the decision of this court in *Tarjan v. Revesz,* 218 Ill. App. 449, in which case the personal property involved was admitted to belong to the estate and the title to the property to have actually passed to the administrator. In the instant case, the contest is between the representative of the estate and a third person, concerning an alleged trust situation which gave rise to an indebtedness to the estate. Such a controversy is not within the jurisdiction of the probate court. *Gulzow v. Fillwock, supra; Tarjan v. Revesz, supra; Moore v. Brandenburg,* 248 Ill. 232; *Dinsmoor v. Bressler,* 164 Ill. 211; *Martin v. Martin,* 170 Ill. 18; *Rone v. Robinson,* 188 Ill. App. 438; *Hays v. State Bank of Saybrook,* 202 Ill. App. 535.

Inasmuch, therefore, as the filing of the petition

conferred no jurisdiction on the probate court to try the matters involved, it follows, in the language of the court in the *Hays* case, *supra,* "Whenever the want of jurisdiction is discovered, courts will proceed no further with the litigation."

Since the probate court was without jurisdiction, it is unnecessary to remand the cause, and the order heretofore entered by this court reversing and remanding the cause will, therefore, be set aside and an order entered reversing the judgments of the circuit and probate courts.

*Judgments reversed.*